WILLIAM R. McKINLEY, Plaintiff in Error, v. JOSEPH WATKINS, Defendant in Error.

ERROR TO LOGAN.

An instruction which assumes that a party would be bound by a promise not assented to by the person to whom it is made, is erroneous.

A promise is void for want of mutuality, unless the person to whom it is made agrees on his part not to do the act which formed the consideration of it.

If a party threatens to sue, honestly supposing he has a good cause of action, it will uphold a contract fairly entered into in order to avoid the suit. Otherwise, if the claim is a mere pretence to extort money.

The compromise of a doubtful right is a sufficient consideration for a promise.

THIS action was commenced by Watkins against McKinley before a justice of the peace. Watkins failed to recover on the trial before the justice, and took an appeal to the Circuit Court. At the April term, 1851, of the Logan Circuit Court, the cause was tried before DAVIS, Justice, and a jury, and resulted in a verdict and judgment for Watkins, and McKinley brought the cause to this court by writ of error.

Watkins and McKinley had traded horses in 1845; afterwards they had some dispute about the trade, and Watkins threatened to sue unless McKinley would give him a horse, or the worth of the horse which McKinley had got from Watkins,

the horse which Watkins had received in exchange having died. McKinley promised that, if Watkins would not sue, he would give him fifty dollars, or a horse worth that sum. Upon this promise Watkins brought his action against McKinley.

W. H. HERNDON, for plaintiff in error.

In order to maintain an action for damages sustained in the exchange of property, or in an action to recover back the money paid, or to plead the want of consideration, there must be a warranty, fraud, or false representations. 1 Scam. 22; 4 Gilm. 73; 2 Kent, 485; 3 Adol. & Ellis, N. S. 234.

Every promise must be founded upon a good or a valuable consideration. A gratuitous promise is not good. 2 Kent, 463, 465; Story on Contracts, 429, 453; Chitty on Contracts, 29.

A moral consideration, if it had not its foundation in a legal consideration, is not sufficient to support the promise. 24 Wend. 97; Story on Contracts, § 465; 19 Pick. 429; 3 Pick. 83.

In the case now under consideration, there was neither fraud, warranty, nor false representations, nor was the promise a legal nor even a moral one, and therefore no action can be maintained. 8 N. H. 154; 52 Eng. Com. Law R. 563; Smith on Contracts, 86, 87; 6 Monroe, 660; 11 S. & Marsh. 431; 3 Adol. & Ellis, N. S. 234; 1 Story on Contracts, § 436; 5 Barb. 556; 19 Pick. 387 to 429; 8 Blackf. 415; 52 Eng. Com. Law, 548; 2 Barb. 420; Story on Contracts, § 436.

T. L. HARRIS, for defendant in error.

The proof is positive that Watkins claimed $50 because McKinley had put an unsound horse upon him. McKinley never objected that the claim was unjust. He promised to pay if Watkins would not sue him for damages. This suit was upon the promise. The consideration of the promise was "forbearance to sue." This is a good consideration. Rippon *v.* Norton, Cro. Eliz. 881; Matun *v.* West, Cro. Eliz. 665; Lemas-

ter v. Buckhurt, 2 Bibb, 448; Bank of Musking. v. Carpenter's Adm'rs, Wright, 729, 660; Sidnell v. Evans, 1 Penn. 383.

Even the compromise of a doubtful right has always been held a good consideration for a promise. Chitty on Contracts, 35; 6 Munf. 406; 14 Conn. 12; S. C. 2 Rand. 442; 5 Watts, 259; 7 Ad. & El. 19; 1 Williams's Saund. 210, n.; 5 Barn. & Ald. 117; 8 Taunt. 354; Logan v. Matthews, 6 Barr, 420; Perkins v. Gray, 3 Serg. & Rawle, 331; McCoy v. Hutchinson, 8 Watts & Serg. 66; Cavode v. McKelvey, Add. 56; Oheson v. Barclay, 2 Pa. R. 531; Brown v. Sloan, 6 Watts, 423; Union Bank v. Geary, 5 Pet. 99.

The promise is distinctly proved. If the defendant relied on his never being or having been liable on the original trade, he should have distinctly proved it. The reasons for this are many; as the death of witnesses to the original trade or contract, or their removal. Lapse of time might bar. The authorities on this point are clear. Slack v. Moss, 1 Dud. (Geo.) Rep.; Gould v. Armstrong, 2 Hall, 269; and digest of same case, 1 Met. & Per. 101.

But there are cases to show that proof of the non-liability in the original action cannot be intended. Taylor v. Patrick, 1 Bibb, 168; Ormond v. Fitzroy, 3 P. Wms. 130, 131, and n. (a); Mills's Heirs v. Lee, 6 Monroe, 97; Barlow v. Ocean Ins. Co. 4 Met. 270.

The court will not grant a new trial when substantial justice has been done. Greenup v. Stoker, 3 Gilm. 202; Lee v. Hughes, 3 Scam. 18; Gillett et al. v. Sweat et al. 1 Gilm. 490; and other cases.

TRUMBULL, J. This was an action originally commenced before a justice of the peace, and taken by appeal to the Circuit Court, where the plaintiff had judgment for fifty dollars and costs.

The evidence showed that the parties had traded horses; that, a month or two after the trade, the horse which plaintiff got, died, and that he was unsound when the trade took place. There was no evidence of any false representations, or warranty on the part of the defendant in making the trade. After

the death of the horse the plaintiff informed the defendant of the fact, and alleged that he was diseased at the time of the trade, whereupon the defendant promised to pay the plaintiff fifty dollars, or let him have a fifty-dollar horse, if he would not sue.

This action was brought to recover the fifty dollars.    On the trial, the Circuit Court instructed the jury as follows:

" If the jury believe from the evidence that there was a horse-trade between Watkins and McKinley, out of which a diffi-culty had grown, and that Watkins was threatening to sue McKinley, and not deceiving him by any misrepresentations, and that McKinley, rather than be sued, promised Watkins that he would pay him fifty dollars, then said promise is bind-ing; and this regardless of the question as to whether McKinley would or would not have been liable in the suit which Watkins was threatening to bring against him."

The only question in the case is as to the propriety of this instruction, and in one point of view it is clearly erroneous.    It assumes that the defendant would be bound by his promise, whether assented to by the plaintiff or not.    Unless the plaintiff were bound on his part not to do the act which formed the con-sideration of the promise of the defendant, the agreement was void for want of mutuality.    The promise of defendant to pay fifty dollars if plaintiff would not sue him was incomplete till accepted by the plaintiff.    Chitty on Contracts, 13.

A mere offer, not assented to, constitutes no contract; for there must be not only a proposal, but an acceptance thereof.    Story on Contracts, § 377, 378.

The instruction in other respects is very nearly, if not quite, correct.    It assumes that, in order to support the promise, there must have been a horse-trade between the parties, out of which a difficulty had arisen, and that the plaintiff was threatening to sue the defendant, and not deceiving him by any misrepresenta-tions.    If by this is to be understood, that the plaintiff must in good faith have supposed that he had a good cause of action against the defendant, growing out of the horse-trade, the in-struction is strictly proper.    It is immaterial whether the plain-tiff could have recovered in such action or not.    If he honestly

supposed that he had a good cause of action, the compromise of ·such right was a sufficient consideration to uphold a contract fairly entered into between the parties, irrespective of the question as to who was in the right.   It has often been decided that the compromise of a doubtful right is a sufficient consideration for a promise; and it is immaterial on whose side the right ultimately turns out to be, as it must always be on one side or the other, because there can be but one good right to the same thing.   Taylor *v.* Patrick, 1 Bibb, 168; Russell *v.* Cook, 3 Hill, 504; Moore *v.* Fitzwater, 2 Rand. 442; O'Keson *v.* Barclay, 2 Penn. Rep. 531.

If the plaintiff was threatening to sue on a claim which he knew was wholly unfounded, and which he was setting up as a mere pretence to extort money from the defendant, a contract founded on a promise not to sue in such a case would be utterly void.   In order to support the promise there must be such a claim as to lay a reasonable ground for the defendant's making the promise, and then it is immaterial on which side the right may ultimately prove to be.   Edwards *v.* Baugh, 11 Mees. & Wels. Rep. 641; Perkins *v.* Gay, 3 Serg. & Rawle, 331.

The judgment of the Circuit Court is reversed, and the cause remanded.

*Judgment reversed.*

Treat, C. J., dissented.