RIPPEY, Appellant, v. FRIEDE, Respondent.

1. Where there is any evidence, however slight, tending to prove a fact in issue, the court should not take the case from the jury by ruling that there is no evidence tending to prove such fact.

*Appeal from St. Louis Circuit Court.*

Friede, the defendant in this case, was the owner of a building in course of erection by one Jeter, a contractor. Rippey,

plaintiff, furnished materials to said Jeter. The ground of this action is an alleged promise by Friede to pay, out of moncys in his hands due to Jeter, the value of such materials in consideration that plaintiff would not encumber the building with a lien under the mechanics' lien law.

The court gave the following instruction : " The jury are instructed that as Jeter was the original debtor, and the plaintiff has no claim or personal remedy against the defendant for said balance of account sued upon, except upon the strength of a promise by the latter to pay the same in consideration that the plaintiff would not file a lien against the building as stated in the petition, the jury should find for the defendant, there being no evidence that such promise was made by him, notwithstanding said balance still remains unpaid, and the materials were furnished by the plaintiff for, and entered into, the construction of the defendant's building." The plaintiff thereupon took a nonsuit, with leave, &c.

*Cline & Jamison*, for appellant.

I. The evidence was sufficient to support the allegation in the petition. (22 Mo. 157.) At least there was *some* evidence tending to establish the allegation, the sufficiency of which it was the province of the jury and not the court to pass upon. (18 Mo. 170; 12 Mo. 387.) There was a sufficient consideration of Friede. The court erred in ruling out the order given by Jeter on defendant in favor of plaintiff.

*Gantt*, for respondent.

I. The order not being accepted in writing by defendant was properly excluded. (R. C. 1845, p. 172.)

II. There was absolutely no evidence at all tending legitimately to establish such a promise as plaintiff alleged in his petition.

RICHARDSON, Judge, delivered the opinion of the court.

The defendant was liable for the debt if, with money in his hands due to Jeter, he promised the plaintiff to pay the account in consideration that the latter would not encumber

his property with a lien, which would have secured the debt, and that the plaintiff, relying on his promise, gave up the security which the law allowed him to take. The naked promise to pay the debt, without any consideration of benefit to the defendant or of harm to the plaintiff, would be insufficient to support an action. But the plaintiff's object in presenting the account, and the fact that the defendant promised without any reservation to pay it, on which the plaintiff acted and omitted to file a lien which he would have done if he had not been misled, are distinctly proved; and whether the defendant made the promise in consideration that the plaintiff would not file a lien, was a question of fact for the jury, which they might, under the circumstances, if they had seen fit, have inferred.

The instruction therefore was erroneous, for "if there is the least particle of evidence, whether direct or merely inferential, upon which a verdict can be founded, such instructions are improper." (18 Mo. 170.)

The other judges concurring, the judgment will be reversed and the cause remanded.