GRISWOLD VS. WRIGHT.

*September 25 — October 14, 1884.*

CONTRACTS: PLEADING. *(1) Consideration: Waiver of lien. (2) Statute of frauds. (3) Demurrer: Presumption of validity.*

1. The waiver by a subcontractor of a lien for materials furnished for the erection of a building, and the discharge of the principal contractor from liability therefor, constitute a sufficient consideration for a promise by the owner of the building to pay for such materials.
2. *It seems* that such promise is not within the statute of frauds, and need not be in writing.
3. Where a promise and agreement are alleged in the complaint, it will be presumed on demurrer, in the absence of anything showing the contrary, that they were so made as to be valid.

APPEAL from the Circuit Court for *Sauk* County.

The case is thus stated by Mr. Justice CASSODAY:

" The complaint alleges in effect that during 1881 the defendant entered into a contract with one Hire for the erection by Hire of a brick block for the defendant in Baraboo; that in carrying out and completing that contract, Hire purchased from the plaintiff, who sold and delivered to him to be laid and used in said brick block, and which were actually laid and used therein, 140,000 bricks, at $5 per thousand, amounting to $770; that within thirty days after the delivery of the last of said bricks, Hire not having paid for the same, and there being then actually due and unpaid to the plaintiff $522 on account of said bricks so sold, delivered, and used, the plaintiff gave notice to the defendant, December 23, 1881, of his claim for a lien upon said building as a subcontractor, for the amount so remaining due and unpaid, as provided by ch. 143, R. S., and giving a copy of the notice; that immediately thereafter the defendant urged and requested the plaintiff to waive and abandon his claim for such lien, and to induce the plaintiff so to do, proposed,

promised, and agreed that, in consideration of such waiver and abandonment, she (the defendant) would pay to the plaintiff the said sum of $522, to which the plaintiff then and there assented and accepted, and in consideration of said promise and agreement on the part of the defendant, and relying upon the same, the plaintiff did then and there waive and abandon his said claim for a lien upon said building, and took no further steps to perfect or enforce the same, and did then and there accept of the defendant as his debtor in place and stead of said Hire; that the building has since that time been and now is completed, yet the defendant has not paid said sum of $522, nor any part thereof, but refuses to pay the same; and demands judgment for that sum, with interest and costs.

"The defendant demurred to the complaint upon the ground that it did not state facts sufficient to constitute a . cause of action; and appealed from an order overruling the demurrer."

The order overruling the demurrer granted leave to the defendant to answer "upon payment of ten dollars and costs."

*J. E. Wright*, for the appellant, contended, *inter alia*, that the order was erroneous under Rule 9 of the Court Rules for the Ninth Judicial Circuit, which provides as follows: "The party desiring to amend or answer after a demurrer is overruled or sustained will be required to pay the attorney of the opposite party, as a condition of so doing, ten dollars. Costs when allowed upon motions will be from five to ten dollars."

*G. Stevens*, for the respondent.

CASSODAY, J.    There is no claim that the notice alleged to have been given by the plaintiff as subcontractor was not sufficient to perfect his lien as such subcontractor under sec. 3315, R. S.    The notice being sufficient and given in time

we must assume that the plaintiff had a valid lien upon the building, and might have enforced the same and sold the building by an appropriate action.   While such lien existed the defendant could not escape liability to the plaintiff by paying Hire in full.   But the plaintiff, at the request of the defendant, and in consideration of her promise and agreement to pay to the plaintiff the amount for which he held such lien, released his lien and discharged Hire from all further liability, and accepted the defendant as his only debtor.   This, certainly, was a good consideration for the promise.

The discontinuance of an action brought in good faith upon a doubtful claim has always been held to be a good consideration for a promise to pay the amount of the claim. So a compromise of a doubtful claim is a good consideration for a promise to pay money, and it is no answer to an action brought upon such promise to show that the claim was invalid.   *Crans v. Hunter*, 28 N. Y. 389; *McKinley v. Watkins*, 13 Ill. 140; *Draper v. Owsley*, 57 Am. Dec. 218. Here the claim was not doubtful.   The defendant's promise to pay was an implied confession that she was then indebted to Hire in at least the amount she then promised to pay to the plaintiff.   This being so, her block was then charged with the payment of the plaintiff's claim.   The subsisting obligation of the defendant to pay the claim or have it enforced out of her block was a sufficient consideration to support the promise of payment.   *Cook v. Bradley*, 7 Conn. 57; *Burr v. Wilcox*, 13 Allen, 269.

In *Rippey v. Friede*, 26 Mo. 523, it was held that the forbearance of a subcontractor to take the necessary steps to enforce his lien under the mechanic's lien law of that state was a good consideration for the promise of the owner of the building to pay the claim.   The case is even stronger than this, for there the question whether the defendant made the promise was disputed, while here it is confessed

that the defendant not only promised, but that the plaintiff had actually given the requisite notice of lien, and then released the lien, and also discharged the principal contractor in consideration of such promise. Such release and discharge must be regarded as a sufficient consideration. *Snell v. Bray*, 56 Wis. 156.

It is urged that if the defendant made such *oral* promise, then it was within subd. 2, sec. 2307, R. S., and hence void. But the assumption that the promise was oral, and not in writing, is wholly unwarranted by anything contained in the record. A promise and agreement being alleged, we are bound to assume that they were valid rather than invalid, even if such oral promise would be within the statute. But we are by no means prepared to say that such oral promise would have been within the statute. In fact, the decision in *Weisel v. Spence*, 59 Wis. 301, seems to hold that it would not. In fact, this case is stronger, because it is alleged, not only that the lien was released, but that the original debtor was discharged, while in that case the original debtor was not released.

The matter of costs was in the discretion of the trial court, and we have no disposition to disturb the order by reason of the ruling made.

*By the Court.*— The order of the circuit court is affirmed.