# CASES DETERMINED

## *January Term, 1887.*

---

GRISWOLD, Respondent, vs. WRIGHT, Appellant.

*December 16, 1886 — June 1, 1887.*

*Evidence, exclusion of: Lien of subcontractor.*

1. In an action against the owner of a building by a subcontractor, to recover the value of materials furnished by him to the contractor and used in its construction, based upon the alleged promise of such owner to pay him in consideration of his withdrawing his claim for a lien, evidence for the defendant to show the state of accounts between him and the contractor at the time of such promise is immaterial, and its exclusion is not error; but, if it was, the subsequent admission of the evidence cures the error.

2. The lien of a subcontractor, under sec. 3315, R. S., is not limited to the amount due the contractor at the time he gives notice of his lien, but extends to whatever may thereafter become due to him.

APPEAL from the Circuit Court for *Sauk* County.

This was an action by a subcontractor against the owner of a brick block, for the erection of which he had furnished brick to the contractor, to recover from such owner the value of such brick, based on his promise to pay therefor, in consideration of a release of plaintiff's lien on the block. Defendant demurred to the complaint as showing no consideration for the promise, which demurrer was overruled, and such ruling sustained on the former appeal. 61 Wis. 195. The defendant then answered, denying the alleged

promise, and alleging that she was not, at the time it is claimed to have been made, nor has since become, indebted to the contractor to whom the bricks were furnished.

Upon the trial, the defendant offered evidence to show the state of accounts between her and the contractor at the time of the alleged promise, and that she had then overpaid him. This evidence was objected to and excluded, and judgment was rendered for the plaintiff, from which the defendant appeals.

*J. E. Wright*, for the appellant, argued that, if there was nothing due the contractor at the time the plaintiff gave notice of his lien, and nothing afterward became due him, the lien was valueless, and its abandonment was no consideration for the alleged promise. Evidence to show the state of accounts between the defendant and the contractor, and that nothing was due the latter, was therefore admissible. The jury were entitled to know all the circumstances attending the alleged promise.

On the former appeal the court was obliged to assume that the plaintiff's lien was valid and the contract in writing, neither of which was true. The promise, if established, was a naked promise to pay the debt of another, and was therefore void under the statute of frauds. *Emerson v. Slater*, 22 How. 43; *Jones' v. Ashburnham*, 4 East, 455; *Clapp v. Webb*, 52 Wis. 638.

*G. Stevens*, for the respondent, took the ground that the defendant, by not contesting the plaintiff's claim for a lien when presented, and by compromising it, had estopped herself from denying that it was valid. *Kercheval v. Doty*, 31 Wis. 476; *Van Trott v. Wiese*, 36 id. 439; *Klauber v. Wright*, 52 id. 303; *Hewitt v. Currier*, 63 Wis. 386; *Clark v. Turnbull*, 47 N. J. L. 265; 54 Am. R. 157.

The following opinion was filed January 11, 1887:

COLE, C. J. The legal questions involved in this case were considered and determined on the former appeal. 61

Wis. 195. It was then decided that the waiver, by a subcontractor, of a lien for materials furnished for the erection of a building, and the discharge of the principal contractor from liability therefor, constituted a sufficient consideration for a promise, by the owner of the building, to pay for such materials, and that such promise, to be valid, need not be in writing. It is true, it was assumed on the allegations of the complaint that the subcontractor had a valid lien upon the building which he might enforce, but reference was made to authorities which decide that this is not necessary, but that the discontinuance of an action, brought in good faith upon a doubtful claim, was a good consideration for a promise to pay the owner. The defendant's counsel says that no court has decided that where the lien of the subcontractor is worthless, and he knows it to be so, that its withdrawal furnishes a good consideration for the promise of the owner to pay him his claim. The abandonment of such a claim for a lien, he says, would not be anything of benefit to the promisor, or detriment to the promisee. We need not consider whether this proposition is sound or not, for no such question is presented in this case. There is nothing which tends to support the assumption that the plaintiff, when he abandoned his lien, knew that it was worthless, and could not be enforced.

For aught that appears in the evidence, or was attempted to be shown on the trial, the plaintiff supposed he had a valid lien upon the building. On this point it is said the defendant was not allowed to show the state of the account between the defendant and the contractor, Hier, or to prove that the plaintiff was informed that Hier had been overpaid when the lien was abandoned. The witness Wright, who transacted the business for the defendant, was asked questions tending to show these facts. The testimony was objected to, and excluded. It is now said that this evidence should have been admitted. There are two

sufficient answers to the objection: (1) The statute gave a lien, not only for the amount which the defendant owed Hier upon the contract when the notice was given, but for what the defendant might thereafter owe him (sec. 3315); so that the state of the account at this time was not material. (2) This witness was afterwards permitted to tell all that was said upon the subject; so, if there was any error in excluding the questions when first asked, the error was cured by allowing the witness subsequently to state all that he could recollect about the conversation. And he did testify that he stated to the contractor, in the presence of the plaintiff, that he had been overpaid, and, after detailing at much length the conversation, he closes his testimony by saying, "I have tried to state all that was said." There is therefore no ground for the claim that the witness was not allowed to tell all that he knew, and all that was in fact said, when the alleged agreement was made.

The further point is made that the verdict is unsupported by the evidence. A reference to the bill of exceptions will show that this position is untenable. There is ample testimony to sustain the plaintiff's case; besides, there was no motion for a new trial.

*By the Court.*— The judgment of the circuit court must be affirmed.

A motion by the appellant for a rehearing, on the ground that the court had mistaken the facts, was denied June 1, 1887.