SAXTON, Respondent, vs. McNAIR and another, Appellants.

*March 27 — April 17, 1888.*

*Contracts: Consideration: Restoration of distrained cattle: Defective proceedings.*

In order to obtain possession of cattle which had been distrained by the plaintiff while they were doing damage to his crops, the owner induced the defendants to execute an undertaking for the return of the cattle to the plaintiff or the payment of the damages, etc. *Held,* that although the proceedings upon the distress were technically defective and the owner might have maintained replevin, yet the restoration of the cattle to the owner was a sufficient consideration for the undertaking.

APPEAL from the Circuit Court for *Florence* County.

The facts will sufficiently appear from the opinion.   The defendants appealed from a judgment in favor of the plaintiff.

For the appellants there was a brief by *Fairchild & Fairchild,* and oral argument by *Mr. H. O. Fairchild.*

For the respondent there was a brief by *Webster & Wheeler,* and oral argument by *Mr. W. H. Webster.*

COLE, C. J.   From the view which we have taken of this case it will be unnecessary to consider the objections taken

to the proceedings under the original distraint and appraisement. There was a demurrer *ore tenus* to the complaint, which was overruled. The complaint was founded upon the written undertaking set forth therein. The undisputed facts relating to the giving of this undertaking are these: Nine head of cattle belonging to one Thomas La Montagne were taken or distrained by the plaintiff, October 20, 1886, while doing damage to his crops on his farm in the town of Florence. The cattle were driven from the plaintiff's premises, and left with one Malloy, to be fed and taken care of. They remained in the charge of Malloy until after proceedings for the appraisement of the damage done by them were completed. On the evening of the 21st of October, one Cleary, who was employed in working and had charge of the farm of La Montagne, in Florence county, from which the cattle escaped, arranged with Malloy for the restoration of the cattle to his possession, and obtained them by agreeing to give the undertaking sued on. The next morning the defendants executed the undertaking, whereby they promised and agreed in consideration of the delivery of the cattle to Cleary, the agent of La Montagne, that the cattle should be returned to the possession of the plaintiff in case La Montagne refused or neglected to pay the amount of damages as appraised, together with costs and expenses, or that they would pay such damages, costs, and expenses. A breach of the undertaking is alleged.

Now, the learned counsel for the defendants insists that the complaint shows no consideration for the undertaking. Independent of the recitals in the instrument, he says, the complaint does not allege nor state the circumstances in regard to the plaintiff's possession of the cattle, nor does it set forth the facts which show that he had the right to the possession of them, so as to afford a sufficient consideration for the undertaking. This objection is not well founded. It appears with sufficient clearness and certainty that the

Saxton vs. McNair and another.

cattle were in the possession of the plaintiff under a distraint proceeding, and that the undertaking was given for the sole purpose of obtaining a restoration of the cattle to the possession of the agent of the owner. It seems to us that the surrender of the possession of the cattle by the plaintiff, under the circumstances, to the owner or his agent, was a valid consideration for the agreement. It may be conceded that the distraint proceeding was technically defective, and that the owner might have maintained trespass on the refusal of the plaintiff to surrender them or might have acquired possession of his cattle by an action of replevin, but this course he did not see fit to pursue. His agent, in order to obtain the possession, induced the defendants to execute the undertaking, thereby waiving, for the owner, all objection to the validity of the distraint proceeding; and the defendants obligated themselves to pay the amount fixed in the event the owner of the cattle did not pay it or refused to return the cattle. We can conceive of no valid objection to enforcing the obligation. Upon the facts, we must assume that La Montagne ratified the acts of his agent in procuring the undertaking to be executed, and that he deemed it for his interest to obtain his property by the arrangement made. Now suppose, as suggested by the plaintiff's counsel, La Montagne, in order to obtain the possession of his cattle, had seen fit to pay the damages appraised, could he turn round and recover his money back by showing that the distraint proceeding was irregular or defective in some particular? It seems to us he could not do this, for the plain reason that, knowing his rights, he had chosen to settle the matter by causing the undertaking to be executed and in that way secure a return of his cattle. Again, suppose the plaintiff, after surrendering the cattle and accepting the undertaking, had brought an action for the damages done by the cattle, would he not be held to have waived his right to such an action by ac-

cepting the obligation of the defendants to pay the amount fixed or restore the cattle?

These supposed cases furnish strong reasons for enforcing the obligation given by the defendants to secure a benefit for the owner of the cattle. The defendants assumed the responsibility voluntarily, and no reason is perceived why they should not abide by it. The arrangement made was in the nature of a settlement of a controversy, and it is not claimed that it was brought about by any artifice or fraud. This is not a case of giving an undertaking *in invitum,* as in *Shevlin v. Whelen,* 41 Wis. 88, but is more like the case of *Mason v. Nichols,* 22 Wis. 376. Bearing in mind the fact that at the time the undertaking was given, even if the cattle were held under a defective distraint proceeding, still the owner might have obtained the possession of them by an action of replevin, but that he did not choose to resort to that remedy, but rather to secure their possession, and settle for the trespass, induced the defendants to enter into this obligation, it seems now eminently just to hold that it is binding upon them. We think the facts show a sufficient consideration to support it. Where a bond is voluntarily given it is held binding upon the parties. *Lewis v. Stout,* 22 Wis. 234. See *Griswold v. Wright,* 61 Wis. 195.

It results from these views that the judgment of the circuit court must be affirmed.

*By the Court.*— Judgment affirmed.