### L. Schwartz v. W. H. Massy.

#### (No. 5867.)

Error from Zavalla County.    Opinion by Hurt, J.

Clark & Old, counsel for plaintiff in error.

No counsel appeared for defendant in error.

§ **470.** *Misrepresentation and want of consideration; evidence offered in support of plea of, held admissible; case stated.* Schwartz sued Massy upon a promissory note for $208.20. By special plea Massy alleged, in substance, that said note was procured from him by means of false and fraudulent representations made to him by said Schwartz, in this: that he (Massy) had purchased three hundred and fifty head of sheep and had the same in possession; that Schwartz represented to him that he (Schwartz) had and held a valid, legal and subsisting mortgage lien upon said sheep, which was duly recorded; that said mortgage lien had been duly foreclosed by judgment, and that execution had been issued upon said judgment, and was then in the hands of the proper officer to be levied upon said sheep; that said execution would be levied upon said sheep unless he (Massy) would execute said note; and that he (Massy), believing said representations to be true, did execute said note; that said representations were wholly false, and were fraudulently made, etc.; and that said note is wholly without consideration, etc. Judgment was rendered for Massy. On the trial of the case Massy testified to facts which sustained his said special plea. Schwartz offered in evidence a judgment of a justice of the peace rendered in his favor, foreclosing a mortgage lien upon the sheep, said judgment being of date prior to the purchase of said

sheep by Massy.   Upon objection made thereto by Massy
said judgment was not admitted in evidence.   *Held*
error.   Schwartz had the right to introduce in evidence
said judgment and all other facts tending to show good
faith on his part, and that his claim upon the sheep was
a real and not merely a pretended one.   The testimony
as to the representations made by Schwartz to Massy is
conflicting, the former testifying that he only stated to
the latter that he had a valid judgment foreclosing a lien
upon the. sheep, upon which judgment execution had
been issued and would be levied upon said sheep.   These
representations Schwartz proposed to prove were true,
and to prove them in part the judgment offered was cer-
tainly admissible.   As bearing upon the facts of this case
the following principles of law are stated: If Schwartz
merely *believed* that the sheep were subject to his execu-
tion, when in fact his claim against them was unfounded
and could not reasonably be regarded as serious, the note
given by Massy to prevent the seizure of the sheep under
such claim would be without consideration and void.   To
constitute a valid consideration the claim must have been
such as to afford reasonable ground of inducement for
Massy to execute the note.   [Wald's Pollock's Contracts,
183; McKinley v. Watkins, 13 Ill. 140.]

§ 471. *Justice's judgment admissible in evidence with-
out certificate of county clerk, etc.*   If a judgment of a
justice of the peace is otherwise admissible in evidence,
it is not a valid objection to its admissibility that there
is not appended to the certified copy of it a certificate of
the clerk of the county court of the county in which it
was rendered, that the justice who rendered it was at
the time of its rendition a justice of the peace in such
county.

May 1, 1889.                 Reversed and remanded.