SETH F. HANCHETT, Sheriff, *et al.*

*v.*

JOSEPH F. IVES, for use, etc.

*Opinion filed December 22, 1897—Rehearing denied February 3, 1898.*

1. APPEALS AND ERRORS—*when not error to refuse to set aside submission of case to court.* Where parties have stipulated that a remanded cause should be re-tried by the court upon the evidence introduced at the former trial, and the court hears and decides the case upon such evidence and neither party offers any new testimony, the court may refuse to set aside the order of submission and to award a jury trial, although further pleadings were had after trial which did not materially change the issues.

2. PLEADING—*when filing additional replication after trial does not change issues.* Where a replication to a plea of justification, in an action by a constable against a sheriff for trespass in taking on execution a horse which was in the custody of the constable under a subsequent attachment, sets up an agreement between the sheriff and the constable whereby the execution lien was to be subordinate to the attachment, an additional replication, filed after trial, which makes the attachment creditor a party to the agreement, does not materially change the issues.

3. SAME—*when plea of the Statute of Limitations cannot be sustained.* A rejoinder of the Statute of Limitations to an additional replication to a plea of justification in an action of trespass cannot be sustained, where such additional replication merely re-states the ground of a former replication filed in time, with the addition of immaterial matter which does not change the issues nor introduce any new element in avoidance of the plea of justification.

4. FORMER CASES—*Hanchett v. Ives, 133 Ill. 332, explained.* The case of *Hanchett* v. *Ives,* 133 Ill. 332, being a decision on appeal from a former judgment in this case, is explained as being decisive only of the question of the priority, in law, of the liens in dispute, leaving the question whether that priority had been affected by contract between the parties as an undetermined question of fact.

5. TRESPASS—*when the taking of property by sheriff from constable is trespass.* The taking by a sheriff, on execution, of property in the custody of a constable under an attachment levied after the execution had been delivered to the sheriff, is trespass, where, before such taking, it was agreed that if the attachment creditor would not contest the judgment which he believed was fraudulent, the lien of the execution would be postponed to that of the attachment and the constable be allowed to retain the property.

6. CONTRACTS—*what sufficient consideration to support a promise to postpone lien.* An agreement by an attaching creditor not to contest a prior judgment, on which execution had been issued, which he had reason to believe was fraudulent, is sufficient consideration to support a promise by the judgment creditor that the lien of his execution should be postponed to that of the attachment, even though the grounds of attack upon the judgment are not well founded.

*Hanchett* v. *Ives,* 69 Ill. App. 83, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. PHILIP STEIN, Judge, presiding.

The action below was trespass, brought by the appellee, against Seth F. Hanchett, sheriff of Cook county, and G. W. and J. T. Kretzinger, to recover for damages sustained by reason of the alleged unlawful seizure of a certain stallion, and taking the possession of the said horse from the appellee.

The only defense sought to be made to the action was, that the seizure of the horse from the possession of the appellee was justifiable, and as in justification of such seizure the appellants pleaded that the stallion in question was the property of one Willis Drummond, Jr., and that the appellant Hanchett, as sheriff, seized the horse by virtue of an execution issued upon a judgment rendered in favor of his co-defendants, G. W. and J. T. Kretzinger, against the said Drummond; that appellee was a constable, and had the horse in his possession by virtue of a levy thereon under two certain attachment writs against the said Drummond, one of said writs being in favor of one Massey Geddes and the other in favor of one Robert F. Graff; that the said execution came to the hands of the said sheriff on the 17th day of November, 1885, and was on that day duly endorsed by the sheriff, by his deputy, and by such endorsement a lien was created against the said horse; that while said lien was in full force the

said attachment writs in favor of the said Geddes and Graff were issued and placed in the hands of the said plaintiff, as constable, and by virtue thereof he levied upon and seized the horse; that the lien of the execution held by the sheriff was superior to that of the attachment writs held by the constable, and that the sheriff, by virtue of the execution, levied upon and took the horse out of the possession of said constable, as he lawfully might and as it was his legal duty to do.

The plaintiff, in avoidance of such plea of justification, replied that after the levy of the attachment writs, and while the horse in question was in the possession of said constable under said writs, and before the sheriff had been able to find the said horse, an agreement was entered into by the said Ives upon one part and the said sheriff and the said Kretzingers, judgment creditors, upon the other part, that in consideration the said attaching creditors would not contest the validity of the judgment in favor of the said Kretzingers, and should produce the said horse in sight of the said Hanchett for the purpose of enabling him, as sheriff, to endorse on the said execution a levy subject to the attachment writs, the lien of the execution should be, by agreement, postponed and made subject to that of the attachment writs, and that the plaintiff, Ives, should hold the possession of the animal under the said writs of attachment, and sell the same, by virtue of the said writs, for the benefit, first, of the attaching creditors, and that any surplus remaining should be appropriated by the sheriff upon the execution in favor of the Kretzingers.

To this replication defendants filed four rejoinders, to the first, third and fourth of which a demurrer was sustained and a traverse pleaded to the second. The said second rejoinder expressly denied that the defendants had entered into any agreement with the plaintiff to postpone the lien of the execution to that of the attachment writs, as alleged in the replication.

The cause was submitted to the court without a jury. It had once before been heard by a court and a jury and a judgment rendered in favor of the appellee, which was reversed by this court on appeal.    (133 Ill. 332.)    The parties entered into a stipulation that the cause should be submitted for decision to the court without a jury, and further stipulated that either party might read in evidence all or any part of the testimony preserved in the bill of exceptions upon which the former appeal had been prosecuted, and that no evidence other than such bill of exceptions should be introduced, except that, if the bill of exceptions could not be found, the printed abstract of the evidence upon which the former appeal had been submitted might be received in evidence, together with any original papers referred to in such abstract.    The printed abstract of the testimony preserved in the bill of exceptions in the former appeal was then introduced in evidence as constituting the entire testimony for both parties, and the cause was submitted to and taken under advisement by the court.

After becoming fully advised, the court, on the fourth day of January, 1896, as is recited in the bill of exceptions, "found and decided the issues for the plaintiff, but suggested there might possibly be a variance between the evidence and replication for the plaintiff, and thereupon, the court, on motion of the plaintiff, the defendants being present and making no objections, entered an order granting leave to the plaintiff to file an additional replication in said cause."    Afterwards the defendants entered a motion to set aside and vacate said order of January 4, 1896, allowing the plaintiff to file an additional replication, which said motion the court overruled, as the bill of exceptions recites, "on the ground, among others, the defendants, although present in court, made no objection to the motion or the entry of the said order."    Appellants preserved an exception to such ruling of the court.    In pursuance of the leave given, before mentioned, appellee

filed an additional replication, in substance the same as
the original replication, except the allegation the agree-
ment making the lien of the execution secondary to that
of the attachment writs was entered into between the
plaintiff and Geddes and Graff, the attaching creditors,
on one part, and the appellants on the other part.

Appellants presented a demurrer to the replication,
containing eight grounds of alleged objection to the legal
sufficiency thereof. The court overruled the demurrer and
afterwards gave the defendants leave to rejoin double to
the replication. Appellants filed a plea of the Statute of
Limitations to the additional or amended replication, and
also rejoined thereto. A demurrer was sustained to the
plea of the Statute of Limitations, and appellants saved
an exception. Issues were joined, and appellants moved
the court to set aside the submission of the cause to the
court for decision without a jury and to award a trial
by jury. The court overruled the motion and entered
judgment in favor of the appellee, against appellants,
in the sum of $532.86. Appellants saved an exception
and prosecuted an appeal to the Appellate Court for the
First District, and from a judgment of affirmance in that
court prosecuted a further appeal to this court, a certifi-
cate of importance having been granted.

E. F. ABBOTT, G. W. & J. T. KRETZINGER, and JACOB
R. CUSTER, for appellants.

OLIVER & MECARTNEY, and SIMMONS & WINSTON, for
appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

It was not error to refuse to set aside the submission
of the cause to the court without a jury. The parties
stipulated that the cause should be submitted to and
heard by Judge Stein upon the printed abstract of the
record upon which the cause was submitted to this court
upon a former appeal, and upon the original files and

papers referred to in the said abstract, or the bill of exceptions from which the abstract was prepared, and that no other evidence should be introduced, and it was so submitted. The cause was decided upon the evidence thus stipulated, and none other, nor did either party express any desire to introduce any further or other testimony.

The original replication averred, the agreement that the lien of the execution should be subordinated to that of the writs of attachment was entered into with the plaintiff, Ives, the constable, and the additional replication averred that the attaching creditors, Geddes and Graff, were also parties to the same agreement. Ives, the plaintiff, in his capacity as constable, was but the representative of Geddes and Graff, plaintiffs in the attachment writs, and his agreement, if made with the consent of the attaching creditors, was but their agreement, and the issues were in no material legal aspect changed by the averment of the additional or amended replication that the plaintiffs in the attachment proceedings were also parties to the agreement. Certainly, in the absence of any indication that the appellants desired, or that the issue made by the amended replication made it necessary, to produce any testimony other than that already before the court by the stipulation of the parties, there was no reason the court should have set aside the submission of the case and directed that a jury should be impaneled to determine the cause which had already been decided by the court. We do not think the issues were in fact changed by the additional replication, nor that such replication was at all necessary to enable the court to properly apply the evidence which the parties had stipulated should be the only testimony heard in the case. The additional replication, if necessary, was, in effect, but an amendment of the original replication, allowed for the furtherance of justice, and was authorized by the provisions of section 1, chapter 7, of the Revised Statutes, entitled "Amendments and Jeofails."

There is no force in the suggestion the decision of this court in the former appeal is conclusive upon any point now appearing in the record. We held on the former appeal, that as a matter of law the lien of the execution was superior to that of the attachment writs, and that whether such lien had been made secondary by agreement of the parties was a question of fact for the determination of the jury before whom the former trial was had, and that the trial court erred in assuming, by an instruction, to determine that question of fact for the jury. *Hanchett* v. *Ives,* 133 Ill. 332.

The position of counsel for appellants that a breach of the agreement to postpone the lien of the execution could have no other effect than to entitle the party damnified to an action to recover damages, is not tenable. The appellants took the stallion from the possession of the appellee, and sought to justify such taking by pleading the superior lien of the execution. It was competent for the parties to be benefited by such superior lien to contract to postpone it, and if they did so they could not plead the advantage which they had contracted away as a justification for seizing the horse. The seizure of the horse was a trespass, unless justifiable, and was not justifiable if the right relied upon had been destroyed by a legal contract. Such a contract, to be available, must, of course, be supported by a sufficient consideration. The pleadings averred, and the evidence tends to show, the attaching creditors claimed that the judgment upon which the execution was issued had been confessed when no debt really existed, and was fraudulent and void, and their agreement they would not contest the validity of the judgment if the priority of the execution should be abandoned supplied the requisite consideration. The compromise of an asserted doubtful right is a sufficient consideration for a promise. (*McKinley* v. *Watkins,* 13 Ill. 140; *Honeyman* v. *Jarvis,* 79 id. 318; 1 Chitty on Contracts,— 11th Am. ed.—p. 46.) In *Honeyman* v. *Jarvis, supra,* the

question was fully discussed, and the principle has been so frequently decided in other cases in this court it must be regarded as settled law.

It was not essential to the sufficiency of the agreement as a legal consideration for the contract to postpone the lien of the execution, it should have appeared from the testimony the supposed grounds of attack upon the judgment were well founded. Upon that question this court in *Honeyman* v. *Jarvis, supra,* quoted with approval the remarks of Lord Hardwicke, 1 Atkyns, 12, as follows: "An agreement entered into upon a supposition of a right, or of a doubtful right, though it after comes out that the right was on the other side, shall be binding, and the right shall not prevail against the agreement of the parties, for the right must always be on the one side or the other, and therefore the compromise of a doubtful right is a sufficient foundation of an agreement."

Nor can we assent to the insistence of counsel for appellants that the judgment cannot be maintained as against appellant Hanchett, the sheriff, on the ground he was protected by the execution, and was not a party to, had no knowledge of and was not bound by the agreement. Whether he was a party to the agreement or had knowledge or notice of it was a question of fact, which we are precluded from considering by the judgment of the Appellate Court, there being evidence tending to make him a party to the agreement. The levy endorsed upon the execution by the deputy sheriff in express terms recognized the agreement, and purported only to be a levy secondary to that of the constable made by virtue of the attachment writs. Section 12 of chapter 125 of the Revised Statutes, entitled "Sheriffs," expressly declares the act of a deputy sheriff "shall be held to be the act of the sheriff."

It was not error to sustain the demurrer to the rejoinder of the Statute of Limitations to the additional replication. The replication first filed set up in defense to

the plea of justification an agreement that the lien of the execution should be postponed to that of the writs of attachment. The additional replication but re-stated the same ground of avoidance of the plea of justification, and alleged that the agreement relied upon in the first replication was that of the attaching creditors as well as that of the plaintiff, the constable. It did not introduce new and different matter in avoidance of the plea of justification, but only re-stated the original ground. *Illinois Central Railroad Co.* v. *Cobb, Christy & Co.* 64 Ill. 128; *Dickson* v. *Chicago, Burlington and Quincy Railroad Co.* 81 id. 215; *Mitchell* v. *Milholland,* 106 id. 175.

The objection that there is no evidence to support the averment in the replication is not well taken. We find testimony tending to support the agreement set forth in the replication, and the affirmance by the Appellate Court of the judgment of the lower court must be accepted by us as establishing that it was proven by the preponderance of the evidence.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*