## Rebecca Majors

*v.*

## Rebecca R. Everton *et al.*

Conveyance—*from husband to wife upheld in equity.* A deed of land by a husband to his wife, in consideration of love and affection, where the gift is but a reasonable provision for the wife, will be sustained in a court of equity as against the heirs of the husband.

Writ of Error to the Circuit Court of Clay county; the Hon. James C. Allen, Judge, presiding.

Mr. B. B. Smith, for the plaintiff in error.

Mr. Rufus Cope, for the defendants in error.

Mr. Justice Sheldon delivered the opinion of the Court:

This was a bill in equity, on the chancery side of the circuit court of Clay county, for the partition and assignment of dower in some sixty acres of land.

The bill charges, that in May, 1874, William Howe died intestate, seized of the lands; that he left Rebecca Howe (now Rebecca Majors), his widow, who is entitled to dower in the lands, also six children and a grandchild, Eugene Hicks; that said children were each entitled to one-seventh of the lands; that since the death of William Howe, five of the children conveyed all of their interest in the lands to the other child, Rebecca Everton, who now owns the undivided six-sevenths, and Eugene Hicks the undivided one-seventh, of the lands, subject to the dower of the said Rebecca Majors. The said Rebecca Everton and Eugene Hicks are the complainants, and Rebecca Majors the defendant, in the bill.

The bill charges, further, that William Howe, in his lifetime, made a deed to his wife, Rebecca Howe (now Rebecca Majors), conveying to her the lands; that the deed was without consideration, and void, being executed by the said William to his wife, and that she claims to own the lands in fee,

under the deed; that said William Howe bought the lands with funds derived from the estate of Pauline Harrison, his daughter, and sister of Rebecca Everton; that said Pauline Harrison died in 1870, and on her death-bed made the request that her property should not be permitted to pass to Rebecca Majors; that said Rebecca Majors now occupies a homestead worth $1200, purchased with the money of said William Howe, and conveyed to her, to which complainants make no claim.

The prayer of the bill is for partition of the lands between the complainants, and the assignment of her dower to the said Rebecca Majors.

The circuit court, on final hearing upon bill, answer, replication and evidence, decreed that the deed to Rebecca Majors was void, that she was entitled to dower in the land, and that the complainants owned the land, as claimed in the bill, subject to the dower, and ordered the assignment of dower to the defendant, and partition between the complainants as found entitled by the decree.   Defendant brings this writ of error.

The answer admits that the only consideration of the deed from William Howe to the defendant, his wife, was love and affection for her.

Such a deed from husband to wife is not necessarily void in equity.   On the contrary, courts of equity not unfrequently uphold such deeds.  *Dale* v. *Lincoln*, 62 Ill. 22, is a case where such a deed was sustained in equity against the claim of a grantee of the heirs of the husband; and 2 Story's Eq. Jur. § 1374, *Shepard* v. *Shepard*, 7 Johns. Ch. 57, *Jones* v. *Obenstrain*, 10 Gratt. 259, *Hunt* v. *Johnson*, 44 N. Y., were referred to as authorities supporting the decision.

The gift, here, was but a reasonable provision for the wife. The proof fails to show that the land was bought by Howe with funds derived from the estate of Pauline Harrison, in any sense that would charge it with the character of a trust. The only claim here involved, as against the deed, being that of the heirs at law of the husband, we see no sufficient reason why a court of equity should interpose and set aside the deed;

but we view it as a case where the deed should be upheld in equity.

The decree will be reversed, and the cause remanded for further proceedings consistent with this opinion.

*Decree reversed.*