## Chicago & Alton Railroad Company v. Benjamin F. Jones.

1. CONTRACTS — *Offer of Acceptance.* — A person wrote to a carrier for rates on grain to various Eastern and Southern points and received an answer stating the rates, to which he replied : " I accept the rates you gave me on January 16, 1889—all, except Springfield, O., which should be twelve cents; you ask thirteen in your letter. If you make it twelve cents I will probably use it also as I have some customers there." *It was held* that the reply was a mere statement to the effect that if he concluded to ship any grain he would pay the rates asked and nothing more.

2. SAME—*Consideration.*—It is a well settled rule of law that there must be a valid consideration to support every contract.

3. SAME—*Founded on Mutual Promises.*—A contract founded on mutual promises must be obligatory on both parties so that each may have an action upon it; if only one is bound there is no consideration for the promise of the other, and it is consequently a mere *nudum pactum.*

**Memorandum.**—Assumpsit on contract for transportation. Appeal from the Circuit Court of Livingston County; the Hon. CHARLES R. STARR, Judge, presiding. Heard in this court at the December term, 1893, and reversed. Opinion filed May 22, 1894.

The opinion states the case.

APPELLANT'S BRIEF, M. J. SCRAFFORD AND C. C. STRAWN, ATTORNEYS.

All contracts founded on mutual promises between persons of full age, must be obligatory upon both parties, so that each may have an action upon it, or neither will be bound; if only one is bound, there is no consideration for the promise of the other, and such promise is consequently a *nudum pactum.* Addison on Contracts, Morgan's Edition, Vol. 1, p. 34, Sec. 18; Nichols v. Rynbred, Hob. 88; Sutcliff v. Brooks, 14 M. and W. 855.

A written agreement, therefore, to submit disputes and differences to arbitration, must be signed by all the parties before any one can be made liable upon it, as the obligation by all to obey the award of the arbitrators is the consideration of each for his entering into the contract; and before a plaintiff can secede in an action upon such a contract, he must show that he had himself engaged to be bound by the award. Kingston v. Phelps, Peake 299; Biddell v. Dowse, 6 B. and C. 255.

The mutuality of obligation is the very essence of all contracts founded upon mutual promises. Hence it follows, says Pothier, that nothing can be more contradictory than an entire liberty in either of the parties making the promise to perform it or not, as he may please. An agreement giving such a liberty would be absolutely void for want of obligation, so long as the contract remained wholly executory, and nothing had been done under it; citing Holt

v. Ward Clarencieux, 2 Str. 938; Pothier, Obligations, Part 1, Art. 4.

The same rule prevails in the civil law. Traite des Obligations, part 1, Ch. 1, Art. 3, Sec. 7.

If one promises to teach a certain trade, this is a consideration for a promise to remain with the party a certain length of time; but without such promise to teach, the promise to remain and serve, though it be made in expectation of instruction, is void. Parsons on Contracts, Vol. 1, Sec. IX, p. 448; Lees v. Whitcomb, 2 Mo. & P. 86; 5 Bing. 34; Sykes v. Dixon, 9 A. and E. 693; 1 Per. and Dav. 463.

The reason of this is, that a promise is not a good consideration for a promise unless there is an absolute mutuality of engagement, so that each party has the right at once to hold the other to a positive agreement. McKinley v. Watkins, 13 Ill. 140; Lester v. Jewett, 12 Barb. 502; Nichols v. Rynbred, Hob. 88; Kingston v. Phelps, Peake, 227; Biddell v. Dowse, 6 B. & C. 255; Hopkins v. Logan, 5 M. & W. 241; Burton v. G. N. R. Co., 25 English L. & E. 478; Dorsey v. Rockwood, 12 How. 126; Governor & Copper Miners v. Fox, 3 Eng. L. and E. 420; Olney, Adm'x, v. Howe, 89 Ill. 560.

A written contract which does not show who are the parties to it is void for uncertainty. Webster v. Ela, 5 N. H. 540.

So a contract for a lease, which does not show the length of the proposed term, is insufficient. Bagley v. Fitzmaurice, 8 E. and B. 664.

So, if an agreement be so vague and indefinite that it is not possible to collect from it the full intention of the parties; for neither court nor a jury can make an agreement for the parties. Whelan v. Sullivan, 102 Mass. 204; King v. Ruckman, 5 C. E. Green, 316, 359; Farwell v. Mather, 10 Allen, 322; Abeel v. Radcliff, 13 Johns. 297; Western Transportation Co. v. Lansing, 49 N. Y. 499, 504, 505; Gosse v. Jones, 73 Ill. 508; Bowman v. Cunningham, 78 Ill. 48; Wood v. Evans et al., 113 Ill. 192.

The consideration, if any, supporting the contract, was the mutual promises of the parties; the promise of the one party for the promise of the other. The contract was bilateral, or it was nothing, and in all such contracts both parties are bound, or neither is bound. Tucker v. Woods, 12 Johns. (N. Y.) 190; Livingston v. Rogers, 1 Caines (N. Y.), 583; Keep v. Goodrich, 12 Johns. (N. Y.) 397; James v. Fulcrod, 5 Tex. 512; Turnpike Co. v. Coy, 13 Ohio St. 84, 92; Jones v. Durgin, 16 Mo. App. 370; Board, etc., of Cass Co. v. Crockett, 12 N. E. Rep. (Ind.), 486; King v. Warfield, 8 Cent. Rep. (Md.) 801.

N. J. Pillsbury and Edgar P. Holly, attorneys for appellee.

Mr. Justice Lacey delivered the opinion of the Court.

This was a suit on a supposed contract for transportation of grain claimed to have been entered into between appellant and appellee over appellant's and connecting lines of railroad from Pontiac to Middletown, Conn.

The suit was commenced by appellee in assumpsit in the Circuit Court, January 5, 1892, returnable to the following May term of said year. The declaration was in assumpsit containing two special counts.

There was a plea of the general issue filed by the appellants with some special pleas to which a demurrer was sustained by the court, not necessary to notice.

The case was tried by a jury and resulted in a verdict for appellee for $694.28, upon which judgment was rendered by the court, from which judgment this appeal is taken.

The entire case hinges on the construction and validity of the alleged contract upon which the suit is based, and which the court below held to be binding and valid.

The contract rested in certain letters passed between appellee and H. H. Cartwright, the general freight agent of appellant. The first communication was from appellee to appellant and read as follows, to wit:

"January 15, 1888.

H. H. Cartwright, Gen. Frgt. Agent, C. & A. R. R.

Dear Sir: I want rates to Columbus, Ohio (naming various other eastern and southern points, including Middletown, Conn).

Yours respectfully,

B. F. Jones. M."

The evidence shows the date of the letter to have been a mistake, the real date being January 15, 1889, a year later than the one on the letter.

The next day the agent replied as follows:

"January 16, 1889.

B. F. Jones, Esqr.

Dear Sir: In replying to your favor of the 15th inst., I beg to name you the following rates from Pontiac, Ill., to the parts as shown below. On grain C. L., and on hay C. L.: Springfield, Ohio, 13 (and named some of the other southern and eastern points named by Jones, including Middletown, Conn., 22½). The above rates are in cents per 100 lbs. I am unable this date to quote any rates to the few other points named in your letter, but I will apply for same at once and promptly advise when I hear of same.

H. H. Cartwright, G. F. A. P."

Then follows what appellee insists is a letter of acceptance, which he claims, completed a contract between him and appellant, to wit:

"Pontiac, Ill., January 24, 1889.

H. H. Cartwright, Gen. Frt. Agt., C. &. A.

Dear Sir: I accept the rates you gave me on January 16, '89 — all except Springfield, O., which should be 12 cts. You ask 13 in your letter. If you make it 12c., I will probably use it also, as I have some customers there.

Yours respectfully,

B. F. Jones."

The appellee claimed to have purchased 240,000 lbs. of corn, and 672,000 lbs. of oats, for the purpose of shipping to Middletown, and demanded of appellant that it ship this grain at 22½ per hundred pounds, but appellant refused and

required him to pay 32½ per hundred lbs., what was, in fact, its regular rates, established by the board of commissions of interstate commerce.

The letter of Cartwright, giving the rates to Middletown Conn., at 22½ cents was an error, and ought to have been easily discovered, from the fact that several nearer points were rated higher; but appellee claims he acted in good faith.

After a careful reading of the various letters passed between the parties, we have arrived at the conclusion that the letter from appellee, first sent, did not disclose an intent to ask for rates with a view of entering into a contract with appellant on receipt of information as to the rates for freight or grain.

All his letter amounted to was, that he wanted information as to rates; there was no intimation that he wanted to enter into a contract to ship any amount of grain, or, in fact, to ship any grain. For all that appeared in the communication, it was a question for the benefit of some one other than the sender, or information asked out of curiosity. It certainly made no proposition to enter into a contract. The answer was sent in the same way that the letter was received, simply giving the then rates. There was no agreement, or proposition, that the rates might not be changed the next day, nor any intimation that they should not be changed.

The alleged acceptance was nothing more than a statement to the effect that if appellee concluded to ship any grain he would pay the rates asked. He did not even state that he intended to ship a pound, or bind himself to do so.

As appellant's communication could not have been made with the view of offering to enter into a contract, but was simply sent for the purposes of giving information, it could not be bound by one who endeavored to make it a binding contract by notifying it he had accepted its offer, when in fact there was no offer. This rule seems to be fully recognized in the two following cases: The Chi. & G. E. R. R. Co. v. Dane et al., 42 N. Y. 241, and Middleton v. Kershaw, 59

Wis. 316. Appellee's first instruction was erroneous as to the effect of the contract. The appellant did not in its instructions admit its validity.

Again, there was no consideration to support the contract, even if the minds of the parties met, as to its terms.

It is a well settled rule of law that there must be a valid consideration to support every contract.

Addison, in his work on Contracts, lays it down as a rule of law, that all contracts founded on mutual promises between persons of full age, must be obligatory on both parties so that each may have an action upon it; if only one is bound there is no consideration for the promise of the other and such promise consequently is a mere *nudum pactum.* Morgan's Ed., Vol. 1, p. 34, Sec. 18; McKinley v. Watkins, 13 Ill. 140; Olney, Adm., v. Howe, 89 Ill. 56; Parsons on Contracts, Vol. 1, Sec. IX, p. 448.

It was a mere option on appellee's part, as to whether he would ship any grain, and he paid nothing for an option in cash or other thing. Even as an option contract appellee had no amount of grain which he might ship. And now he wants to hold appellant responsible for any indefinite amount which he chose to purchase for purposes of shipment.

There are numerous other points raised not necessary to notice. The judgment of the court below is reversed.