*Cause transferred.*

---

BESSIE B. THOMAS *et al.* Appellees, *vs.* DORA HORNBROOK *et al.* Appellants.

*Opinion filed June 18, 1913.*

1. DEEDS—*when deed to wife, though void at law, will be upheld in equity.* A deed from husband to wife, made while the Married Women's act of 1861 was in force, is void in law, as the statute made no change in the common law rule concerning conveyances between husband and wife; but such a deed will be upheld in equity where it was free from fraud and was executed for the purpose of making suitable provision for the wife.

2. SAME—*when a deed will be regarded as intended to make suitable provision for wife.* A deed executed by a husband to his wife in 1863 in contemplation of his leaving the State to avoid being drafted into the army during the war of the rebellion, which he afterwards did, remaining away until the war was ended, will be regarded as made for the purpose of making suitable provision for the wife notwithstanding it recites a consideration of $500, there being no proof that any consideration was paid.

APPEAL from the Circuit Court of Clark county; the Hon. M. W. THOMPSON, Judge, presiding.

FRANK T. O'HAIR, and DAVISON & BARTLETT, for appellants.

J. W. GRAHAM, (H. R. SNAVELY, guardian *ad litem,*) for appellees.

Mr. JUSTICE FARMER delivered the opinion of the court:

Appellees filed their bill in the circuit court of Clark county for the partition of seventy acres of land therein described. The bill alleged that Batshipy Hornbrook acquired title to the land by deed from her husband, George Hornbrook, Sr., September 4, 1863, and died seized and possessed thereof in 1888, leaving surviving her her husband, George Hornbrook, Sr., and seven children named, as her only heirs-at-law; that five of said heirs by deeds conveyed their interest in said lands to their brother George Hornbrook, Jr., who conveyed the same to his wife, Dora Hornbrook, who thereby became, and now is, the owner of the undivided six-sevenths of the land. Complainants are the only surviving heirs of Eliza Jane Thomas, a deceased daughter of Batshipy Hornbrook, and claim that through their mother they inherited, and now own, the undivided one-seventh of the land. The bill alleged that George Hornbrook, Sr., surviving husband of Batshipy Hornbrook, and Shadrach Thomas, surviving husband of Eliza Jane Thomas, have conveyed their interest in the land to the owner of the fee; that Dora Hornbrook has given Frank Cole and V. L. Cole mortgages upon the premises, but that said mortgages were not a lien upon the interest of complainants. All of the complainants were minors except Bessie B. Thomas, and sued by their next friend. Dora Hornbrook answered the bill, denying that Batshipy Hornbrook ever owned the land or had any interest therein except an inchoate right of dower, which was extinguished by her death. The answer avers that George Hornbrook, Sr., was the owner in fee of said premises, and that in 1902 he conveyed the same, by warranty deed, to his son, George Hornbrook, Jr., who conveyed it to defendant Dora Hornbrook, and she claims to be the sole owner in fee. Said defendant

Dora Hornbrook also filed a cross-bill, alleging that George Hornbrook, Sr., became the owner of the land in 1859, and had ever since remained in possession and paid the taxes thereon until he conveyed the same to George Hornbrook, Jr., in 1902. The cross-bill alleged that in 1863, through inadvertence, George Hornbrook, Sr., deeded the land to his wife and filed the deed for record but never delivered it; that there was thereafter no change in the possession, ownership and control of the said land, and that Batshipy Hornbrook never claimed any title or asserted any right of ownership thereto. The cross-bill alleged that the deed from George Hornbrook, Sr., to his wife, and other deeds mentioned, were clouds upon the title of Dora Hornbrook, and prayed that they be set aside. The complainants in the original bill, who were made defendants to the cross-bill, answered it, denying its material allegations, and re-asserted their claim of ownership of an interest in the land. The cause was heard on both the original and cross-bills. A decree for partition and an accounting was entered in accordance with the prayer of the original bill, and the cross-bill was dismissed for want of equity. From that decree defendants below have prosecuted this appeal.

In our view of the case its decision depends entirely upon whether any effect is to be given the deed from George Hornbrook, Sr., to his wife, in 1863. If that deed was effective to vest title in Batshipy Hornbrook, neither she nor her heirs were ever, under the proof, divested of the title, by any statute of limitations or *laches*.

It is contended by appellants that the rule of the common law is applicable to the conveyance, as it was made before the enactment of a statute authorizing conveyances of land from husband to wife. The act of 1861, concerning the rights of married women, was in force at the time the deed was made. That act provided, among other things, that property acquired in good faith by a married woman during coverture, "from any person other than her hus-

band," should be and remain her sole and separate property, but it made no change in the common law as to grants of property between husband and wife. Under the common law there was such unity of person between husband and wife that they were regarded as one and hence could not make grants of property to each other. While this was the rule at law' and conveyances from husband to wife were void in law, they were, when free from fraud and executed for the purpose of making suitable provision for the wife, upheld in equity. A leading case upon this subject is *Shepard* v. *Shepard,* 7 Johns. Ch. 57; 11 Am. Dec. 396. In that case a husband in 1808 made a deed to his wife for certain lands in consideration of natural affection and for the purpose of making provision for her when a widow. In 1817 he conveyed the same lands to a son. The son denied, after his father's death, that the widow took any title by virtue of the deed from her husband. In an opinion delivered by Chancellor Kent, in which the previous authorities were reviewed, it was held that while the deed was void in law it was sustainable in a court of equity, and the widow's title was accordingly sustained. In *Dale* v. *Lincoln,* 62 Ill. 22, the court considered the validity of a conveyance of land by a husband to his wife in 1862. The husband was about to enter the army and take the field when the deed was made. He died in the army within less than a year after the deed was executed, and subsequent to his death his widow conveyed the property. The court held that ordinarily such conveyances are void at law, but that they would be sustained in equity when it appeared from the circumstances and the nature of the grant, whether it be expressed or implied, that the conveyance amounted only to a reasonable provision for the wife and was free from fraud. The *Shepard case* and other cases sustaining that rule are cited approvingly in the opinion. In *Majors* v. *Everton,* 89 Ill. 56, it is not stated when the deed from the husband to the wife was made, but as it was contended in the case that the

deed was void because made from husband to wife, we assume it was made before the passage of the statute authorizing such conveyances. Whether there were any special circumstances which led to the conveyance.is not stated. The only consideration for the deed was love and affection. It was held the conveyance was but a reasonable provision for the wife, and the case being a proceeding in equity, it was sustained upon authority of *Dale* v. *Lincoln, supra,* and the authorities cited in the opinion in that case. Other cases sustaining the rule are *Hunt* v. *Johnson,* 44 N. Y. 27; 4 Am. Rep. 631; *Sims* v. *Rickets,* 35 Ind. 181; 9 Am. Rep. 679; *Turner* v. *Shaw,* 96 Mo. 22; 9 Am. St. Rep. 319; *Corcoran* v. *Corcoran,* 119 Ind. 138; 12 Am. St. Rep. 390. We find none to the contrary.

The proof shows the deed was made by George Hornbrook, Sr., to his wife in contemplation of his leaving the State to escape being drafted for service in the army during the war of the rebellion. He did afterwards leave, going to Pennsylvania, where he remained until the close of the war, when he returned to his family and lived with his wife until her death. The deed expresses a consideration of $500, but there is no proof of the payment of any consideration for the conveyance. The conclusion is warranted from the evidence that the deed was made in consideration of the affection George Hornbrook, Sr., bore his wife and to make provision for her support in his absence, the duration of which, under the then existing conditions, could not be foreseen. The evidence brings the case squarely within the rule announced in the decisions above cited.

While some reliance is placed upon the claim of twenty years' adverse possession, and also seven years' possession under color of title and payment of taxes, and also *laches,* the proof wholly fails to sustain either of the claims.

The decree of the circuit court is affirmed.

*Decree affirmed.*