PLINY SMITH & another *vs.* CHARLES H. GOWDY & another.

A. wrote to B. as follows: " Say how many white, colored and woollen rags you have on hand, and your prices for them." B. replied: " I have about a ton each, white and colored rags, and my prices are three and one half cents for colored and seven cents for white. I have some hen and turkey feathers and some old glass which I should like to sell." A. replied: " I will take the rags at the price you name." B. made no written reply, but there was evidence tending to show a subsequent oral agreement by him to deliver the rags, which he afterwards refused to do. *Held,* that A. could not maintain an action against B. for the non-delivery.

CONTRACT to recover damages for the non-delivery of certain rags. The defence was the statute of frauds.

At the trial in the superior court, before *Vose,* J., the plaintiffs introduced evidence tending to show that they were dealers in rags and paper stock, and had bought them of the defendants prior to the alleged sale in question ; that on the 3d of September 1862 they wrote to the defendants as follows: " Please inform us how many print papers you have for us. Also say how many white, colored and woollen rags you have on hand, and your prices for them." On the 6th of September the defendants replied as follows : " We have no papers on hand, save those which are mixed. We have about a ton each, white and colored rags, and our prices are three and one half cents for colored and seven cents for white. We have some hen and turkey feathers and some old glass which we should like to sell." On the 9th of September the plaintiffs replied as follows : " We will take the rags at the prices you name. When you get them ready, please inform us, and we will inform where to send them." One of the plaintiffs testified that some two weeks after September 9th he saw one of the defendants, who, in reply to an inquiry upon the subject, said that they would get the rags ready in a few days, and the plaintiff informed him where to send them ; but that he afterwards saw the same defendant, who then refused to send them.

The judge ruled, upon this evidence, that the plaintiffs were not entitled to recover, and a verdict was accordingly returned for the defendants. The plaintiffs alleged exceptions.

*W. G. Bates & M. B. Whitney*, for the plaintiffs. The word "price," when used by a seller of goods in reply to an inquiry by a buyer, includes within its ordinary and proper signification an offer of sale. Browne on St. of Frauds, § 313. *Gardner* v. *Joy*, 9 Met. 177. The letters constituted a sufficient note or memorandum of the agreement.

*E. B. Gillett*, for the defendants.

METCALF, J. These exceptions cannot be sustained. The evidence introduced by the plaintiffs, at the trial, failed to prove that the defendants made the contract with them for the breach of which their action was brought. That evidence consisted of three letters. The first was from the plaintiffs to the defendants, merely inquiring what were the quantity and price of rags which they had on hand. The second was the defendants' reply to the first, merely stating the quantity of rags which they had, and the price thereof. Thus far there was no offer of one party to buy, nor of the other party to sell. The third letter was from the plaintiffs, saying to the defendants that they would take the rags at the price which the defendants had named. This was the first offer in the case; and this offer the defendants never accepted in writing. And an oral acceptance, if they had made it, would not have bound them; the case being within the statute of frauds, (Gen. Sts. *c.* 105, § 5,) no part of the rags having been accepted and received by the plaintiffs, and nothing having been given by them in earnest to bind the bargain, or in part payment. It is clear, therefore, that no contract was completed; there having been no assent to a sale by the union of both parties' minds. No authorities need be cited in support of this elementary doctrine. *Exceptions overruled.*