## CORNWELLS & ELLIOTT
### *v.*
## KRENGEL & SEIFERD.

CONTRACT — *by letter* — *what constitutes.* A party ordered by letter a lot of paper to be sent him at once. The party to whom this order was addressed, replied he had none on hand, but offered to make it. The first party again wrote as if the other had accepted his order, which he had not, and again saying he " wanted the paper to come right along." The other replied a second time, that he could not send it at once, and advised him if he was in a hurry about it he had better order elsewhere. Here was no contract — no proposition made on one side and accepted on the other.

APPEAL from the Superior Court of Chicago; the Hon. JOSEPH E. GARY, Judge, presiding :

This was an action of assumpsit brought in the court below, by Krengel & Seiferd, partners, against Cornwells & Elliott, also partners, to recover for goods sold and delivered by the plaintiffs to the defendants.

The defendants pleaded a set-off, which rested upon an alleged contract made between the parties, by letter. The correspondence was as follows :

"CHICAGO, June 28, '64.

"Messrs. KRENGEL & SEIFERD:

"Gents,—We will pay you the following 17½c. *here, cash,* if sent right away.   Let us know by return of mail if you will send it.

| 50 | bdls., | 22 | by | 24 | print, | 44 | lbs. | to | bdls. |
|----|--------|----|----|----|--------|----|------|----|-------|
| 50 | " | 24 | " | 36 | " | 48 | " | " |
| 25 | " | 25 | " | 37 | " | 55 | " | " |
| 25 | " | 26 | " | 40 | " | 25 | " | " |

"Yours truly,
                "CORNWELLS & ELLIOTT."

To this letter Krengel & Seiferd replied:

"LAFAYETTE, June 30, '64.

"Messrs. CORNWELLS & ELLIOTT, Chicago:

"*Gents,*—Yours of the 28th inst. received and contents noted.   We have no paper of your sizes on hand, but will make it at your given price.   There is a little mistake in your order; 25 *bundles,* 26x40 *lbs. per bdle.*   Very likely 65 lbs.  Please correct, and let us know what to do.   We finish some of our Cincinnati orders by July 4th.

"Yours, truly,
                "KRENGEL & SEIFERD."

Cornwells & Elliott answered:

"CHICAGO, July 2, '63, ('64.)

"Messrs. KRENGEL & SEIFERD:

"*Gents,*—Your favor is at hand of the 30th, accepting our order.   The 26x40 should be 63 lbs. to bundle.   You can *double* our order on 22x32, 24x36 and 25x37 if you wish.   Let us know if you will do so by return mail.   We want this paper to come right along.

"Yours truly,
                "CORNWELLS & ELLIOTT."

And the following is the reply:

"LAFAYETTE, July 4, 1864.

"Messrs. CORNWELLS & ELLIOTT, Chicago :

" *Gents,* — Yours of the 2d inst. at hand and contents noted. As the canal company will stop us here every week a few days from running our mill for repairs, we cannot make out and ship your orders right along, as you want it. If you are in a hurry about it, you better order it somewhere else. We could not double your esteemed order, as we are in a very close pinch to fill our present orders. As soon as we get our regular water power back we can work day and night again.

" Yours truly,

" KRENGEL & SEIFERD."

The only question arising is, whether these letters are sufficient to show a contract between the parties, so as to bind the plaintiffs to fill the order made for paper by the defendants, or to make them liable for the difference in the price offered and the increased value afterward.

The court below found the issue for the plaintiffs, disallowing the set-off, and rendered judgment accordingly.

The defendants thereupon took this appeal.

Messrs. WILSON & ASAY, for the appellants.

Mr. GEORGE GARDNER, for the appellees.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court :

The only question presented by this record is, whether the letters offered in evidence show a contract. The defendants ordered paper to be sent them at once. The plaintiffs replied they had none on hand but offered to make it. The defendants again wrote as if the plaintiffs had accepted their order, which they had not, and again saying they " wanted the paper to come right along !" The plaintiffs replied a second time that they could not send it " right along." There was here no contract. There was no proposition made on one side and accepted on the other. The set-off was properly disallowed.

*Judgment affirmed.*