## Waldo M. Johnson and another v. George W. Stephenson.

*Contract: Letters: Offer: Acceptance.* In reply to a letter offering to sell two hundred boxes of cheese, at a given price, and to deliver them at a place designated, "one hundred now, and one hundred about the middle of October next," a letter accepting the offer, as to amount and price, and place of delivery, but not as to time of delivery, is not an unconditional acceptance of the offer; and the two letters, therefore, do not constitute a contract.

*Heard and decided October 24.*

Error to Lenawee Circuit.

This was an action brought by plaintiffs in error upon an alleged contract to sell and deliver two hundred boxes of cheese. The evidence of the contract consisted of three letters, as follows, viz.:

"DETROIT, September 15th, '70.

"MESSRS. G. W. STEPHENSON & Co:

"*Gents:*—We want a lot of good factory cheese, and if you have such, or can contract with us for five hundred boxes, to be delivered in lots of fifty boxes, or one hundred boxes per month, perhaps we can make a trade.  Give us your best figures, and the quantity you will sell on these delivery conditions, *cash* when you want it.  We are now writing several other parties, and if you offer lower figures than they do, we shall give your bid the preference.  Let your offer be for No. 1, factory cheese, and reply by early mail.  Have been offered your cheese here at $11\frac{1}{2}$c, but can do a little better, $10\frac{1}{2}$ is about what we expect to pay for so large a lot.  You save paying a commission, or if you deal with us you can easily learn that we are good for any amount we put our names to.

"Yours Truly,

"JOHNSON & WHEELER."

"MORENCI, Sept. 17th, '70.

"MESSRS. JOHNSON & WHEELER:

"*Gents:*—I rec'd your letter, taking us with surprise. We have got four hundred cheeses on hand, and could not sell more than two hundred boxes at once, on account of our other customers.  We will deliver two hundred boxes at $11\frac{1}{4}$c, at the depot at Adrian, one hundred now, and one hundred about the middle of Oct., next.  Our cheese is very ready sale, our commission men make returns of nearly $11\frac{1}{2}$, so you see we would not gain.  We should like to strike a trade with you.  That is the best we can

do this season; if you make up your mind to take that number let us know by return mail.

"G. W. STEPHENSON."

"DETROIT, Sept. 20th, '70.

"G. W. STEPHENSON, ESQ.:

"*Dr. Sir:*—Your favor of the 17th reaches us this morning, and we accept your offer to sell us two hundred boxes prime factory cheese at 11¼, del. to depot in Adrian. Will give you as much or more time to deliver them in, than you proposed, as we want them in fine order when they are shipped, so they will not need to be taken out of the boxes. Our object in taking this lot of you, is to give them a trial, and if they suit us will try to take larger lot next season of you. You will please ship us on receipt of this, twenty-five boxes, to apply on the purchase of two hundred, and we will continue to order about as fast as we need them, as by this plan you can give us well cured cheese, and get a good reputation for them in this part of the state. Think you will find it to your interest to secure our cheese trade.

"Yours truly,

"JOHNSON & WHEELER."

"P. S.—Please consider our correspondence *confidential,* as we don't care to have every one know our business. Baker's cheese has been selling here at 11½c."

The circuit judge charged, that these letters did not prove a contract between the parties. Judgment was rendered for the defendant, and the plaintiffs bring error.

*Geddes & Miller* and *Meddaugh & Driggs,* for plaintiffs in error.

*Eldredge & Walker,* for defendant in error.

26 MICH.—9.

PER CURIAM.

The circuit judge, we think, was correct in holding that the letter of the plaintiffs of September 20, was not an unconditional acceptance of the defendant's offer, and consequently no contract was effected.

Judgment affirmed, with costs.