### TRAVIS *v.* WATSON.

CONTRACTS—PROPOSAL—ACCEPTANCE.

An offer to extend the time for paying the principal of a note for a year, on condition that the interest due is paid, is not accepted, so as to make a valid extension, by a letter promising to keep it another year, where the interest is not paid.

Error to Clinton; Stone, J. Submitted June 12, 1903. (Docket No. 95.) Decided July 14, 1903.

*Assumpsit* by Isabella M. Travis against John. A. Watson upon a promissory note. From a judgment for defendant, plaintiff brings error. Affirmed.

*Frost & Jackson*, for appellant.

*H. E. & E. L. Walbridge*, for appellee.

CARPENTER, J. Plaintiff commenced this suit March 17, 1902, to recover on a promissory note payable to her

order and made by defendant. The note was dated November 7, 1895, and was for $121, payable one year after date. On the 13th of November, 1900, one Harriett N. Ellis sued the plaintiff, before a justice, at St. Johns, Clinton county, and garnished the defendant. In defendant's disclosure, made in obedience to said garnishee summons, he admitted that he was indebted to the plaintiff in this case, upon the note in suit, to the amount of the principal thereof and the unpaid interest. Said justice-court case resulted in a valid judgment in favor of Mrs. Ellis against the plaintiff. On a second summons being issued to the defendant to show cause, he, on or about December 10, 1900, paid into said justice court the full amount of principal and accrued interest on said note, and was thereupon by said justice discharged from further liability.

It is the claim of the plaintiff that, by an arrangement made by correspondence between plaintiff and defendant before said justice-court suit was commenced, said note did not become due until November 7, 1901; that therefore defendant had no right to admit a present indebtedness in said garnishment suit; and that, in consequence, his liability to plaintiff was not affected by the proceedings in that case. The following is the correspondence which it is claimed created that arrangement: October 4, 1900, plaintiff wrote defendant:

"Some time ago, I requested you not to pay the interest on the note I hold against you, of $121, to Mrs. Henry Ellis. Mrs. Ellis holds the original note, and I the copy. I find the note is given November 7th, 1895, and I wish to know if you are going to pay note in full or only the interest this year, November 7th, 1900. Please let me know, as I am making arrangements to meet some obligations in December. Should you care to keep the money another year, I can do without it, only I must know at once."

To this letter defendant replied, October 15, 1900:

"Yours is just received. I will keep the matter you mention one more year, and later on will write you in regard to it."

At the time defendant was served with the garnishee summons, he had not written again to plaintiff, as he agreed in the above letter, nor had he paid the interest due November 7, 1900. This case was tried without a jury. The court made a finding of facts, of which the foregoing is the substance, and rendered judgment for the defendant.

It is a complete defense to the claim asserted by plaintiff in this suit if the letters of October 4, 1900, and October 15, 1900, did not constitute a valid contract extending the time of the payment of the note from November 7, 1900, to November 7, 1901. We agree with the trial judge that they did not. Such a contract was not made unless both parties were bound. It is clear to us that defendant's answer of October 15th to plaintiff's letter of October 4th was not such an acceptance as to bind the plaintiff. In plaintiff's letter of October 4th, she says:

" I wish to know if you are going to pay note in full or only the interest this year, November 7th, 1900. Please let me know.  *  *  * Should you care to keep the money another year, I can do without it, only I must know at once."

This letter, properly construed, means that defendant may have the principal another year, but the interest due November 7th should be paid. Defendant's answer that " I will keep the matter you mention one more year, and later on will write you in regard to it," clearly enough indicates that he will keep the principal another year; but he uses no words from which it can be inferred that he will pay the interest as plaintiff desired, and in fact he did not pay it. There was therefore no such acceptance of plaintiff's proposition as to create a contract binding upon her or upon defendant. See *Johnson* v. *Stephenson*, 26 Mich. 63; *Eggleston* v. *Wagner*, 46 Mich. 610 (10 N. W. 37). As this correspondence did not prevent plaintiff's enforcing payment of this note, it did not prevent Mrs. Ellis, her creditor, enforcing its payment in a proceeding in garnishment.

The view we take of this question makes the other assignments of error relied upon by the plaintiff immaterial. We refrain, therefore, from considering them.

The judgment of the court below is affirmed.

The other Justices concurred.