ELLIOTT LOWE ET AL., APPELLANTS, V. ST. PAUL FIRE & MARINE INSURANCE COMPANY, APPELLEE.

FILED JANUARY 8, 1908.   No. 15,036.

Insurance: CONTRACT: LIABILITY.   Where a written application for insurance is made upon a blank form which provides that no liability will attach until the application is accepted and approved at the home office of the company, and the application, together with the premium, is delivered to a soliciting agent of the company who has no authority to make a contract on behalf of the company, and a loss occurs before the application has been received at the home office or by the general agents of the company, and the general agents, having knowledge of the loss, refuse for that reason alone to issue a policy, *held*, that no contract of insurance was created and the insurance company was not liable for the loss.

APPEAL from the district court for Harlan county: ED L. ADAMS, JUDGE.   *Affirmed.*

*John Everson* and *Flansburg & Williams*, for appellants.

*W. P. Hall* and *Greene, Breckenridge & Matters*, *contra*.

GOOD, C.

Appellants brought this action against the appellee to recover upon an alleged contract of insurance against loss by hail storms to growing wheat in the fields. The defendant answered, denying the making of any contract of insurance. At the conclusion of plaintiffs' testimony the district court directed a verdict for the plaintiffs in the

sum of $66, representing the amount of the premium paid by the plaintiffs to the defendant, and in effect directing a verdict against the plaintiffs upon the alleged contract of insurance. Plaintiffs appeal.

The record discloses that one O. H. Johnson was the local agent of the defendant at Huntley, Nebraska; that he was a recording agent for the purposes of fire insurance, but was not authorized to issue policies for hail insurance; that as respects hail insurance he was simply a soliciting agent, and had no other authority than to take the applications of persons desiring hail insurance and transmit such applications to the general agents of the defendant, Cowgill & Lyle, at Holdrege, and to collect the premiums and remit them to the general agents. On the 13th of June, 1905, Johnson took plaintiffs' application for $1,000 of insurance, and received from the plaintiffs the premium of $60. At that time he informed them that the application must be sent to Holdrege, and that plaintiffs would receive their policy on the following day. The application and premium, less Johnson's commission, were duly forwarded by mail to the general agents. By some error in the United States mail service the letter containing the remittance and the application was sent to Bertrand instead of Holdrege, and was returned thence to Holdrege, and did not reach the general agents until the morning of the 17th of June. On the 15th of June plaintiffs' wheat, that was to have been covered by the policy of insurance, was partially destroyed by hail. Plaintiffs called upon Johnson for their policy, and informed him of their loss. Johnson informed the plaintiffs that he had not yet received the policy from the general agents, and immediately called up by telephone the general agents, at Holdrege, informed them of the loss, and inquired about the policy. The general agents informed Mr. Johnson that no application from the plaintiffs had been received. Two days later, when the application was received, the general agents, being informed of the loss, declined to issue a policy, and directed a return of the draft which had been

forwarded with the application to the plaintiffs. It appears, however, that the premium paid by the plaintiffs was never in fact returned to them. Plaintiffs were informed that the defendant would not issue the policy on account of the fact that a loss had occurred previous to the receipt of the application by the general agents. The application for insurance, signed by the plaintiffs, is in part as follows: "I, Arnold & Lowe, * * * hereby make application to the St. Paul Fire and Marine Insurance Company for insurance upon growing grain against damage by hail only for the season of 1905, to the amount of $1,000, from the day this application is accepted and approved at the home office of the company at St. Paul, Minn., at 12 o'clock, noon, until September 15, 1905, noon. * * * That I know this application does not bind the company until received and approved at the home office in St. Paul, Minn." It is admitted, however, that the application was to have been acted upon by the general agents at Holdrege, instead of at the home office. The application is identical in form with that involved in the case of *St. Paul F. & M. Ins. Co. v. Kelley,* 2 Neb. (Unof.) 720, and the holding in that case, we think, must be decisive of this. It is apparent from the record that Johnson had no authority to enter into any contract on behalf of the defendant for hail insurance. He was not authorized to make any contract binding upon the defendant. It follows, then, that all that transpired between Johnson and the plaintiffs did not make a contract of insurance that was binding upon the defendant in the instant case until the application was accepted and approved by the general agents at Holdrege. They never accepted and approved the application. They declined to issue the policy prior to the receipt of the application. Neither the general agents at Holdrege, nor any one else authorized to act for the defendant, made or attempted to make any contract of insurance with the plaintiffs, and in law no contract of insurance ever existed between the plaintiffs and the defendant.

Plaintiffs contend that the risk was a proper one, that they paid the full premium demanded by the defendant's agent, and complied with all the demands necessary upon their part to effect a contract of insurance on the growing wheat against loss by hail, and that but for the failure of the postal authorities to promptly deliver the mail the application would have been received by the general agents and the policy would have been issued by them on the 14th of June, and that it is unjust to visit upon the plaintiffs this loss because of the neglect of the postal authorities in delivering the application in time. It may seem to be a hardship to the plaintiffs to bear the loss, but a sufficient answer thereto is that the defendant cannot be held for loss, except upon a contract, and that no contract of insurance existed. The failure to deliver the application on time was not the fault of the defendant, and it could not be compelled to pay for a loss against which it never contracted, simply because it would have contracted to pay the loss but for the failure of the postal authorities to promptly deliver the application.

While the plaintiffs did not ask for judgment, and could not have asked for a judgment, for the return of the premium that they had paid, still the action of the lower court in directing the verdict and entering judgment for the plaintiffs for the amount of the premium, with interest, was not prejudicial to them. It follows that the judgment of the district court should be affirmed.

Duffie and Epperson, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is

AFFIRMED.