## Cheboygan Paper Company v. Swigart Paper Company.

### Gen. No. 13,807.

1. CONTRACTS—*what not acceptance of proposition. Held,* that a letter referred to in this opinion did not constitute an acceptance of an order in question, and that no contract of bargain and sale was consummated between the parties.

2. CONTRACTS—*formal acceptance of proposition essential to complete.* An acceptance of a proposition must be unconditional in order to constitute a contract.

SMITH, J., dissenting.

Assumpsit.  Error to the Municipal Court of Chicago; the Hon. MAX EBERHARDT, Judge, presiding.  Heard in the Branch Appellate Court at the October term, 1907.  Reversed, with finding of facts. Opinion filed March 20, 1908.

**Statement by the Court.**  In the Municipal Court the plaintiff recovered a judgment against the defendant for $59.86, as damages for the breach of an alleged contract for the sale of paper by the defendant to the plaintiff, to reverse which judgment the defendant prosecutes this writ of error.  The defendant was a manufacturer of paper at Cheboygan, Michigan, had as its sales agent in Chicago F. K. Moody, and plaintiff was a dealer in paper in Chicago.  February 25, 1907, plaintiff sent to Moody, by mail, the following order addressed to defendant:

"GENTLEMEN:—

Please enter our order as follows:

365 reams yellow print paper, per sample attached. 43x56-82.   Paper to be flat and packed soft fold Long way.

This paper to be in Chgo. on or before March 20th. Price f. o. b. Chicago 2¾c—terms 3% 30 days.
Yours truly,
SWIGART PAPER CO."

February 26, Moody wrote plaintiff as follows:

"GENTLEMEN:—

I am in receipt of your order, A-1754, for 365 reams of 43x56-82 yellow print at $2.75 Chicago.  Same has gone forward to the mill for their attention.  It may be possible to get it here on the date specified, but everything coming in at the present time is taken in turn and will be filled as quickly as the orders now placed with the mill are out the way.  I had hoped that you could make this $2.80 as we talked.
Yours very truly,
F. K. MOODY, Sales Agent."

No further communications passed between plaintiff and either Moody or the defendant until March 8, when Moody wrote the plaintiff as follows:

"Gentlemen :—

Taking up order 1754, I regret that the mill are obliged to return this order, for the reason that the situation is becoming so desperate regarding wood, that, in the first place, they could not make delivery on time. In the second place, they are not certain when they will be able to get their supplies in sufficient quantities to complete orders which are already entered and should have been filled weeks ago. This condition of affairs developed seriously within the past week, and they request me to notify you to this effect, and give you the following state of facts. If it was possible for them to get it out in time, they would be glad to do so, or if they could name any date when they would get out of their present condition, they would be glad to enter the order.

Very truly yours,<br>F. K. Moody, Sales Agent."

Alden, Latham & Young, for plaintiff in error; Charles Martin, of counsel.

Brode B. Davis, for defendant in error.

Mr. Presiding Justice Baker delivered the opinion of the court.

The statement in Moody's letter of February 26, is not that "Your offer is accepted," but "Your order has gone forward to the mill for their attention." This language cannot, in the opinion of a majority of the court, be held in acceptance of or an assent to plaintiff's order, nor more than a statement that the writer had sent the order to the defendant for its attention. But if the first sentence of the letter, standing alone, could be held an acceptance of assent to the order, the entire letter cannot be so held because of the second sentence. "A mere proposal by one man obviously constitutes no bargain of itself. It must be accepted by another, and this acceptance must be *unconditional*. If a condition be affixed by the party to whom the offer is made, or

any modification or change in the offer be requested, this constitutes in law a rejection of the offer, and a new proposal, equally ineffectual to complete the contract until assented to by the first proposer.'' Benjamin on Sales, Sec. 39. Here the offer was to buy ''paper to be in Chicago on or before March 20.'' Moody in reply wrote: ''It may be possible to get it here on the date specified, but everything coming in at the present time is taken in turn and will be filled just as quickly as the orders now placed with the mill are out of the way.'' The answer changed the time of delivery stated in the offer, and for that reason was not an unconditional acceptance of the offer, and consequently no contract was by such letter and answer effected. Johnson v. Stevenson, 26 Mich. 62.

In the opinion of the majority of the court, the evidence fails to prove that any contract of sale was made between the parties and the judgment will therefore be reversed with a finding of facts and the cause will not be remanded.

*Reversed, with finding of facts.*

Mr. Justice SMITH dissenting.