WILLIAM J. JOHNSTON, APPELLEE, v. INDIANA & OHIO LIVE STOCK INSURANCE COMPANY, APPELLANT.

FILED OCTOBER 17, 1913.  No. 17,319.

1. Insurance: APPLICATION: APPROVAL: LIABILITY. Where a written application for insurance of live stock is made upon a blank form which provides that no liability shall attach until the application has been approved by the home office, and the application, together with the premium, is delivered to the agent of the company, and,

before the application has been approved by the home office, the property insured dies, *held* that ordinarily the insurance company is not liable for loss occurring before such approval. Following *St. Paul Fire & Marine Ins. Co. v. Kelley*, 2 Neb. (Unof.) 720.

2. ———: CONTRACT: LAW GOVERNING. An insurance contract is governed by the law in force at the time of the making of the alleged insurance.

APPEAL from the district court for Frontier county: ROBERT C. ORR, JUDGE. *Reversed.*

*E. J. Clements* and *L. H. Cheney,* for appellant.

*Lambe & Butler* and *J. L. White,* contra.

REESE, C. J.

This action was commenced in the county court of Frontier county upon an alleged contract of insurance from death by accident or disease of a horse of the value of $500, the insurance being for the sum of $300. It was alleged in the petition that the contract of insurance was entered into on the 26th day of June, 1909, to continue for one year from said date, at which time plaintiff paid the premium of $30, and that defendant by its agent agreed that the insurance should be effective from that time; that on the 30th day of the same month the horse died from disease, without the fault of plaintiff; that the loss was duly reported to defendant on the 30th day of the same month, and for which judgment was demanded. Defendant answered, admitting the ownership of the property in plaintiff; that it was of the value of $500; and that on the date named plaintiff applied to defendant's soliciting agent for insurance to the extent of $300; alleging that the agent had no authority to enter into any contract of insurance, being only a soliciting agent, whose authority was limited to taking written applications, signed by the proposed assured, and which application was to be forwarded to the home office of defendant company at Crawfordsville, Indiana, when, if approved, a policy would be issued; that the application was signed by plaintiff and

forwarded to the office; that said application was forwarded by Weckbach, the soliciting agent, and received by the company on the 30th day of June, 1909, at the hour of 4 o'clock P. M. of said day; that between the hours of 8 and 9 o'clock of the morning of said day the horse died; that defendant issued said policy at between 4 and 5 o'clock of said day, and without any knowledge that the horse had died, said policy being for a term of one year from June 30, 1909; that, when defendant learned that the insured property had no existence at the time the policy was issued, it tendered back the $30 to plaintiff, and has kept the tender good. Reply: (1) A general denial; (2) alleging that it was specifically understood between defendant's agent (Weckbach) and plaintiff that the insurance was to run for twelve months commencing at noon on the 26th day of June, 1909; that the policy was issued and forwarded to defendant's agent at Lincoln, Nebraska; that at the time the policy was issued the managing officers of defendant knew that the contract was that the insurance was to date from the 26th day of June, 1909; that by the acts of the officers and agents of the company they had estopped it from denying liability on the policy.

Defendant moved the court to strike out the averments of the reply for the reason, first, that no part of the same was contained in the reply filed in the county court, where the suit was instituted and first tried; second, that the same raised new and different issues; third, that no estoppel was pleaded in the county court; fourth, that the same, if material, should have been pleaded in the petition, and not in the reply. The motion was overruled and a trial had to a jury, who returned a verdict in favor of plaintiff for the full amount of the policy, and on which a judgment was rendered. The motion for a new trial was overruled, and defendant appeals.

It is shown by the evidence that the application for insurance was made on the 26th day of June; that the horse was taken sick on the 29th, and died in the forenoon of the 30th; and that the policy was written up during the after-

noon of the same day, dated June 30, to continue one year from that date, and returned to defendant's agent at Lincoln, soon thereafter, to be countersigned and delivered to plaintiff, but without any knowledge of the death of the horse. When the policy reached the agent in Lincoln, he, having learned of the death of the horse, did not countersign nor deliver the policy.

As we view the case, it is not necessary for us to pass upon the alleged error of the court in refusing to strike out the averment of estoppel in the reply, for the reason that, if defendant is liable at all, that liability rests upon other grounds, and, if not liable at all, the question of estoppel becomes an immaterial one.

It is stipulated in the application for insurance that the insurance "shall not be in force until accepted by the home office, and the policy issued thereon." But it is claimed by plaintiff that this clause furnishes no protection nor defense for the company in the face of the statute of this state. Upon this subject reliance is placed upon the provisions of section 49j, ch. 43, Comp. St. 1911. This section cannot be considered, for the reason that it was not in force at the time the alleged contract was made, whether that date should be held to be June 26, or June 30, 1909. It seems clear that the clause in the application, signed by plaintiff, which provides that the insurance shall not be in force until the application is accepted by the home office, and the policy issued thereon, is valid, unless procured by fraud, misrepresentation, mistake, or in violation of some statute or contract entered into between the parties, or their authorized agents. *St. Paul Fire & Marine Ins. Co. v. Kelley*, 2 Neb. (Unof.) 720, and cases there cited, approved and followed in *Lowe v. St. Paul Fire & Marine Ins. Co.*, 80 Neb. 499, which must be decisive of the question.

It is fundamental that, where a contract is made with reference to or covering property whereby one assumes a liability with reference to it, the property must be in existence, either actually or potentially, in order to form a

basis or consideration for the support of the agreement. In this case the question of whether a contract of insurance was made during the life of the horse becomes an important one. In other words, was such a contract made on the 26th day of June, at the time of making the application for the insurance and the payment of the premium, or did they only constitute a proposal or offer to enter into such a contract when approved by defendant at Crawfordsville? The application states that the insurance was not to be in force until approved and the policy issued. It also contained a recital that the insurance was not based upon "any statements or promises made by any solicitor or any person professing to represent the company, and that no agent or other person professing to represent the company has power or authority to make oral contracts of insurance, or to bind the company by any oral statements or representations, or to waive, alter or vary any of the agreements or conditions contained in this application, or the policy which may be issued thereon." There is no testimony in the record as to how or by whom the application was written or filled out, whether it was submitted or read to plaintiff, or if he was aware of its contents, except his answers when he signed it. There is no word as to knowledge, or the absence thereof, on the part of plaintiff of the conditions contained in the application, and his testimony is not clear as to the construction placed upon the application by the agent. His final testimony is that the agent stated that the insurance would date from that day if the application was accepted by the company. The deposition of the agent was taken, and although his attention was challenged to the subject of what he said to plaintiff "in regard to when, if ever, the insurance would take effect and be in force," his answer fails to respond to that part of the question, and this part of the case is not made clear. If the conditions contained in the application were brought to the knowledge of plaintiff when he signed such application and paid the premium, it is apparent that he is not entitled to recover.

The judgment of the district court is reversed and the cause is remanded thereto for further proceedings.

REVERSED.

ROSE, SEDGWICK and HAMER, JJ., not sitting.