# The Slaymaker Lock Manufacturing Corporation, Defendant in Error, v. Leon A. Olmsted, Plaintiff in Error.

## Gen. No. 21,578.

1. SALES, § 18*—*what does not constitute acceptance of offer of sale of goods.* Where a vendee orders good at specified prices, and vendor ships the goods invoiced at higher prices, with the privilege of returning the goods if vendee is not satisfied, there is no meeting of the minds of any valid acceptance of vendee's offer by vendor where it appears that vendee never accepted the goods at the prices fixed by vendor, although vendor subsequently sent vendee a new invoice of the goods at the prices named in vendee's offer.

2. CONTRACTS, § 40*—*when acceptance of offer must be made.* A vendor who has refused the offer of vendee to buy goods at named prices and made a counter proposition as to price, cannot without the consent of vendee, later withdraw his counter proposition and accept vendee's original offer so as to bind vendee to the contract.

3. CONTRACTS, § 44*—*when offer must be unconditionally accepted.* A mere proposal by one person to make a contract constitutes no bargain of itself, and the proposal must be unconditionally accepted by the person to whom it is made in order to make a contract.

4. CONTRACTS, § 44*—*what constitutes rejection of offer.* If a party to whom an offer had been made accepts the offer conditionally, or requests modifications or changes in the offer, such action in law constitutes a rejection of the offer and amounts to a new proposal, which is ineffectual to complete the contract until accepted by the first proposer.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Error to the Municipal Court of Chicago; the Hon. JOSEPH Z. UHLIR, Judge, presiding. Heard in this court at the October term, 1915. Reversed and judgment here for defendant. Opinion filed January 17, 1916.

WILLIAM A. BARNES, for plaintiff in error.

BAKER &. HOLDER, for defendant in error; W. W. HOOVER, of counsel.

MR. JUSTICE HOLDOM delivered the opinion of the court.

Defendant brings before us for review the record of a judgment against him for $135.19. The trial was before the court without a jury. The record shows without contradiction that defendant ordered of plaintiff certain brass padlocks, etc., at the total price of $139.39. Concerning this order plaintiff wrote defendant: "Your order Oct. 27th, No. A 9,003, specifies prices which, with the exception of $3,903, are not now in existence. We are giving you the best prices possible." Then follows a list of goods by numbers and the prices for each and the letter continues: "We are shipping the goods at once, thinking you may be in immediate need, but please make no deductions from the prices given, and if our action in an effort to give you prompt service by shipping these at the best prices, without first waiting for confirmation of these prices from you, does not meet with your approval, you may return the goods, but do not make any deduction from the invoice." The goods were received by defendant and he, in repudiation of the attempt of plaintiff to foist the goods upon him at its own price, notified plaintiff that he would return the goods and asked for a check for $2.46 for cartage, etc., which defendant had necessarily paid upon the goods.

Other correspondence ensued between the parties, in which was a letter from Slaymaker, the president

498    APPELLATE COURTS OF ILLINOIS.

The Slaymaker Lock Mfg. Corp. v. Olmsted, 197 Ill. App. 496.

of plaintiff, to defendant of November 16, 1914, in which he said:

"I am sorry you take the attitude you do; but we are enclosing a new invoice, putting these goods at the old prices, which we trust is satisfactory to you and will close the incident. We do not like to have you feel so you better have the goods. We are better off to put in new line now than later. Send along your check."

Plaintiff then wrote defendant:

"Answering your note on our letter Nov. 16th, we regret we cannot meet your requirements. You ordered goods; we shipped them; you objected to the prices. We then adjusted the prices in accordance with your order, while the goods were yet in your hands. Under the circumstances there is nothing further to say than the bill is again returned to you, the transaction having been in entire accord with the requirements of your order and correspondence. Please see that the bill is passed and properly paid when it comes due."

To this letter defendant replied:

"Your business intelligence is beyond our grasping. You occupy the most unique position in business that I have had the misfortune to discover in twenty-five years of cruising. Please read your letter of Oct. 29th and believe us no fools. Send along your check to cover our outlay or within ten days will send to Public Warehouse at your expense."

Plaintiff then drew a draft on defendant for $135.39, the amount of its invoice, which was returned unpaid. Suit was then threatened by plaintiff and started. The foregoing evidence is that of plaintiff.

Plaintiff also read certain interrogatories propounded to defendant and his answers thereto, and it was then agreed between counsel that the parties to the action had been doing business together between three and four years prior to the transaction in dispute; that the goods involved in this litigation were received by defendant, that the invoice accompanied the bill of lading, that defendant had paid certain freight

charges and that the goods were packed in two cases and were then at the warehouse of defendant.    The defendant offered no testimony but moved for a finding in his favor.

The plaintiff has proven that the order of defendant was not accepted, that goods embraced in the order were billed at advanced prices, and that defendant had the privilege of returning them if he was not satisfied with the prices.    Defendant refused to accept and pay for the goods and demanded to be reimbursed the amount he had paid out for freight and cartage.    It is clear, therefore, that the minds of the parties never met, that the offer of defendant was never accepted by plaintiff and that defendant never accepted the goods at the prices fixed by plaintiff, although subsequently plaintiff sent defendant a new bill with the prices the same as in the original order.    At no time during the negotiation between the parties was there an offer and an acceptance.    Plaintiff could not, without the consent of defendant, withdraw his counter proposition and accept the original offer which defendant had made.    As said by Mr. Justice Baker in *Cheboygan Paper Co. v. Swigart Paper Co.,* 140 Ill. App. 314: ''A mere proposal by one man obviously constitutes no bargain of itself.    It must be accepted by another, and this acceptance must be unconditional.    If a condition be affixed by the party to whom the offer is made, or any modification or change in the offer be requested, this constitutes in law a rejection of the offer, and a new proposal, equally ineffectual to complete the contract until assented to by the first proposer.''

It was held by this court in *Goodridge v. Wood,* 133 Ill. App. 483, that it is a principle of the law of contracts that an offer of a bargain by one person to another imposes no obligation upon the former until it is accepted by the latter according to the terms in which the offer was made.    Any qualification of or departure from those terms invalidates the offer unless

500    APPELLATE COURTS OF ILLINOIS.

the same be agreed to by the person who made it. Until the terms of the agreement have received the assent of both parties, the negotiation is open and imposes an obligation upon neither.

The judgment of the Municipal Court is wrong and is reversed, and a judgment is entered in this court in favor of defendant on his counterclaim and against plaintiff for the sum of $2.46.

*Judgment reversed and judgment here for defendant.*