[No. 13874. Department Two. June 20, 1917.]

JAHN & COMPANY, *Respondent*, v. A. F. McCLAINE *et al.*,
*Appellants.*[1]

SALES—CONTRACT—OFFER AND ACCEPTANCE. Under the rule that
an unconditional order and unconditional acceptance must be found
in a contract evidenced by correspondence, there was a sale of but
one car load of hay, where plaintiff by letter ordered one car with
"an option on 200 ton additional at same price after first car is un-
loaded," followed by a proposal to increase the order to 400 tons if
the hay turns out satisfactorily, and asking the sellers when the first
car would be shipped, and to confirm the 200 tons by return mail, to
which the sellers replied giving the approximate date of first ship-
ment, and stating that they would ship the 200 tons as fast as they
could get it out, following which no shipment was made of the
first car.

Appeal from a judgment of the superior court for Spo-
kane county, Blake, J., entered August 28, 1916, in favor of
the plaintiff, after a trial upon an agreed statement of facts,
in an action on contract. Reversed.

*Oscar Cain,* for appellants.

*McWilliams, Weller & Brown* and *Beechler & Batchelor,*
for respondent.

FULLERTON, J.—The plaintiff, W. F. Jahn & Company,
brought this action against A. F. McClaine and A. F. Mc-
Claine, Jr., alleging a breach of a contract for the sale of a
quantity of hay. The cause was submitted to the court upon
an agreed statement of facts, the material parts of which are
contained in the following letters:

"Seattle, Wash., Jan. 8, 1916.
"A. F. McClaine.
"Please ship one car Montana timothy at $18 per ton f. o.
b. Seattle, settlement to be on Wash. State weight grades.

[1]Reported in 165 Pac. 1060.

W. F. Jahn & Co. to have an option of 200 ton additional at same price after first car is unloaded.

"W. F. Jahn & Company,
"Per W. F. Jahn."

"Mr. A. F. McClaine, Jr.                    Jan. 12, 1916.
    "503 Spokane & Eastern Trust Bldg.,
        "Spokane, Wash.

"Dear Sir: Referring to the order we gave you on Jan. 8th, kindly advise how soon we may expect the first carload. If the hay turns out satisfactory we would like to increase our order so as to take on the 400 ton you have to offer. In any event, please confirm the 200 ton by return mail, and oblige.

"Yours truly,        W. F. Jahn & Company."

"Spokane, Washington, January 13th, 1916.
"W. F. Jahn & Company,
    "Seattle, Washington.

"Gentlemen: Your letter of the 12th at hand, and would say that we hope to make shipment on the first car of hay to you on January 20th or 21st. The shipping point of this hay, Marion, Montana, has very poor train service, and freight only leaves there one day per week, although I am trying to perfect some arrangements with the railroad whereby hay will go out oftener from there.

"We will ship two hundred tons to you just as fast as we can get it out, but the balance is already contracted for by another firm, so cannot accept any increase in your order.

"Trusting that the hay will prove satisfactory in every way, I am                    Very respectfully,

"A. F. McClaine,
"Per A. F. McClaine, Jr."

"Seattle, Washington, Feb. 8, 1916.
"Mr. A. F. McClaine, Jr.,
    "Spokane & Eastern Trust Bldg.,
        "Spokane, Wash.

"Dear Sir: Kindly advise when we may expect some hay on the 200 ton contract we have with you and oblige.

"Yours Truly,        W. F. Jahn & Company,
"W. F. Jahn."

The court found that the correspondence between the parties amounted to a contract to furnish two hundred tons of

hay, and gave judgment for plaintiff in the sum of $900. The defendants appeal.

The sole question for consideration is how far, if at all, this correspondence constituted a contract of sale. It is plain, we think, that it constituted a contract for one carload of hay only. As to one carload, there was plainly a definite proposal and a definite acceptance, and this, under all of the authorities, constitutes such a contract as to entitle a recovery in damages by the one party against the other who is guilty of its breach.

Although the question is not entirely free from doubt, we think that, beyond the one carload, there was no definite contract. In its letter of January 8, 1916, the vendee ordered but one carload, proposing for itself "an option of 200 ton additional at same price after first car is unloaded." In its letter of January 12, it asks for a confirmation of the order and how soon it may expect the first carload, and, in addition, proposes to increase the order to 400 tons "if the hay turns out satisfactory." In both of these letters the orders for an additional quantity above the one carload are conditional. Were the condition reversed—that is, had the vendor shipped the 200 tons additional without a further order and sought to hold the vendee for the price on a refusal to accept the hay—it is difficult to see how a recovery could have been had. The vendor's letter of acceptance is not, it is true, in the terms of the order, but it proposed no new terms and must be construed in the light of the order. The third letter of the vendee, of course, adds nothing to the contract. The terms of the contract were expressed in the preceding letters, and the vendee was not then at liberty to put a construction upon them which they do not reasonably bear.

Since no hay was shipped under the order, the vendee can recover only for the quantity definitely ordered. It cannot now be known whether the option would have been exercised. While the privilege of exercising the option was denied the

vendee by the fault of the vendor, there is no rule by which the damages caused by such fault can be measured.

No authority directly in point has been called to our attention, but the general principle is well settled that an unconditional order and unconditional acceptance must be found in a contract evidenced by correspondence before there can be a recovery as for a breach. The following cases, while but a few of the many that could be cited, are illustrative: *Van Keuren v. Boomer & Boschert Press Co.*, 143 App. Div. 785, 128 N. Y. Supp. 306; *Hudson v. Arnold*, 29 Ky. Law 375, 93 S. W. 42; *Topliff v. McKendree*, 88 Mich. 148, 50 N. W. 109; *Martin v. Northwestern Fuel Co.*, 22 Fed. 596; *Johnson v. Stephenson*, 26 Mich. 63; *Smith v. Gowdy*, 90 Mass. 566; *Jenness v. Mount Hope Iron Co.*, 53 Me. 20; *Cornwells & Elliott v. Krengel & Seiferd*, 41 Ill. 394.

Our conclusion is, therefore, that there was no sale except as to the one carload. The stipulation covering this was that one car would contain thirteen tons, and that the measure of the vendor's liability would be at the rate of $4.50 per ton.

The judgment is reversed, and the cause remanded with instructions to enter a judgment for the plaintiff in the sum of $58.50.

ELLIS, C. J., MOUNT, HOLCOMB, and PARKER, JJ., concur.