ALBERT HANDLIER, APPELLANT, v. KNIGHTS OF COLUMBUS, APPELLEE.

FILED JUNE 6, 1921.  No. 21515.

**Insurance:** APPLICATION: ACCEPTANCE. Where, in his application for insurance in a fraternal benefit association, the applicant agrees to be bound by the laws of the order providing that no insurance shall be effective unless approved by the head medical examiner, actual acceptance of the application by that officer is required to create a contract of insurance, and, if the applicant dies before such acceptance, no liability will arise upon the theory of implied contract, although the application was prevented from reaching said officer by the negligence of a subordinate lodge officer whose duty it was to transmit it.

APPEAL from the district court for Lancaster county: FREDERICK E. SHEPHERD, JUDGE. *Affirmed.*

*Burr & Brown,* for appellant.

*John A. Maguire* and *E. J. Hainer,* contra.

DORSEY, C.

The appellant, Albert Handlier, a minor, by his next friend, brought this action against the appellee, the Knights of Columbus, a fraternal benefit association, upon an alleged contract of insurance in the sum of $1,000, upon the life of his brother, William Handlier, who died August 22, 1918. The deceased made written application in May, 1918, was examined by the local examining physician, but the papers never reached the officers of the supreme coun-

cil, and no benefit certificate was issued or delivered to the applicant. At the conclusion of the evidence, the court directed a verdict for the appellee and entered judgment dismissing the action.

The undisputed facts are as follows: William Handlier made application in due form for insurance membership upon the regular printed blank of the appellee, to which was affixed the regular medical examiner's blank. He was examined upon this blank by the local medical examiner, who passed and approved the applicant in due form thereon, and, after inclosing the application and medical examination in an envelope addressed to the supreme physician, gave it to a boy in his office to mail. The applicant, in conformity with the laws of the association at the time of his application, paid to the financial secretary of the local council the required membership fee of $10, local quarterly dues in the sum of $2.50, and 70 cents assessment for May, 1918, upon $1,000 insurance. He was initiated into the order, but paid no further dues or assessments. In August, 1918, a notice was mailed to and received by him from the local financial secretary, stating that he was indebted to the council for assessments in the sum of $3.50 to October 1, 1918, local dues in the sum of $1.25, and 50 cents special assessment, total $5.25. After his death, on September 11, 1918, his father paid $4.55 to the financial secretary, who issued a receipt therefor in the name of the deceased, itemized as follows: "Monthly assessment to September 1, 1918, $2.80; council dues, $1.25; special, 50 cents." This was not tendered back until after the action was commenced.

The appellant pleaded the foregoing facts as establishing a valid contract of insurance. The appellee defended on the ground that no contract was ever made, because the application did not reach and was never approved by the supreme physician, as required by the laws of the appellee, and no officer of the supreme council ever passed or had the opportunity to pass upon the application, because it never came into their hands. The further de-

fense was made that, even if a contract had been entered into, the claim could in no event be valid because, under the laws of the order, the deceased was in suspension and his membership forfeited for nonpayment of dues and assessments at the time of his death.

It must first be determined whether there was, in fact, any contract on the part of the appellee to insure the life of William Handlier. That depends upon whether the application, which, in legal effect, was an offer to make a contract, was accepted. It was necessary that the minds of the parties should meet. The appellee's mind or will in the transaction could be made manifest only through the officer or officers empowered under its laws to bind it in contracts of insurance. There was a clause in the printed application by which the applicant agreed to be bound by the laws of the order, which, among other things, provided that no officer or agent of the order or of any local council should have authority to waive any of the conditions upon which benefit certificates were issued or to vary or waive any of the provisions of the laws of the order.

It was further provided in the laws that, in case of insurance applicants, election to membership should be conditional upon the approval of the application by the supreme physician and that no person should be initiated as an insurance member or entitled to a death benefit without such approval. The mode by which insurance membership in the order was obtained was that the application, if acted upon favorably by the lodge, should be referred to the local medical examiner, whose duty it was to examine the applicant and to forward the examination, together with the application, to the supreme physician, who, in turn, was required to notify the local council of his approval or rejection of the applicant, and also to indorse his approval or rejection upon the application and file it with the supreme secretary; the latter being charged with the duty of issuing benefit certificates to insurance members.

The testimony of the local medical examiner was that he inclosed the application in an envelope addressed to the supreme physician and intrusted it to an office boy to be mailed. The application never reached the supreme physician, according to his testimony. The supreme secretary also testified that he had no knowledge of it. There being no evidence of an express acceptance of the application, the question remains whether, under the circumstances as stated, there could be, in law, an acceptance by implication.

The rule has been followed in this state, with regard to insurance upon property, that, where an insurance company receives the application but delays the acceptance or rejection of it until after the loss occurs, acceptance will not be implied from the fact that such delay ensued; that there must be actual acceptance or there is no contract. *St. Paul Fire & Marine Ins. Co. v. Kelley*, 2 Neb. (Unof.) 720; *Lowe v. St. Paul Fire & Marine Ins. Co.*, 80 Neb. 499; *Johnston v. Indiana & Ohio Live Stock Ins Co.*, 94 Neb. 403. In each of these cases the application contained a recital to the effect that the insurance was not to be binding until the application had been approved by the home office, and the authority of the agent who took the application was limited to taking and forwarding applications to the company.

In the case before us we are dealing with an application for fraternal benefit insurance containing an agreement by the applicant that he should be bound by the laws of the order providing that no person could become an insurance member or claim the death benefit until the application had been approved by the supreme physician, and providing further that no officer or agent could waive the conditions established by the laws of the order for the issuance of benefit certificates. In the instant case the application never reached the supreme physician or the head offices of the society, and the failure to pass upon the application was attributable to the local medical examiner, or to the neglect of the person to whom he intrusted

the application for mailing, and not to the home office, as was the fact in the cases hereinbefore cited. But, so far as the question of implied acceptance is concerned, we can perceive no difference in principle whether the delay was due to the failure of the local agent to forward the application or to the failure of the head officers to act upon it after it had been received. The question is whether or not, after an application for insurance has been lodged with an agent duly authorized to receive and forward it to the proper officer for approval or rejection, the insurance company or society becomes bound to act promptly upon it, to such extent that, if it does not, the inference will arise that a contract of insurance has been entered into.

In *Home Forum Benefit Order v. Jones,* 5 Okla. 598, the applicant was examined by the local medical examiner on December 3, but the application was not forwarded to the head officers of the association for approval until after his death on December 20. In that case, as in this, the laws of the order provided that insurance should not be effective until approved by the head medical examiner. It was contended that the local lodge officers had led the applicant to believe that his contract for insurance was complete when they took his application, adopted and initiated him as a member under the ritual, and accepted his membership fee and mortuary assessment, and that the negligence of the local officers in failing to forward his application was chargeable to the society. The court nevertheless held that "delay upon the part of the local lodge in forwarding the application to the grand lodge will not create a contract in the face of the provisions of the constitution and laws of the order."

The weight of authority supports the rule that delay in passing upon the application will under no circumstances be equivalent to or a substitute for actual acceptance by the insurer. *Bradley v. Federal Life Ins. Co.,* 295 Ill. 381. See case note to *Northwestern Mutual Life Ins. Co. v. Neafus,* 36 L. R .A. n. s. 1211.

There is a line of authority holding an insurance company liable in tort for negligent delay in passing upon an application, upon the theory that there is a duty to act and to notify the applicant promptly. *Duffie v. Bankers Life Ass'n,* 160 Ia. 19; *Boyer v. State Farmers Mutual Hail Ins. Co.,* 86 Kan. 442. This view was adhered to by this court in *Wilken v. Capital Fire Ins. Co.,* 99 Neb. 828, three of the justices dissenting. In *National Union Fire Ins. Co. v. School District,* 122 Ark. 179, it was held that the insurance company was not liable for failure of its soliciting agent to forward the application, either upon the theory that a contract had been consummated or upon the theory of an action in tort.

In the case before us, the appellant is not aided by the authorities supporting the right of action in tort for negligent delay, for the reason that the petition is founded squarely upon alleged contract, and not upon the theory of tort. We are convinced that there was no acceptance of the application by inference from the facts and circumstances in this record and, therefore, no contract upon which the action could be based.

No contract being shown, no theory is maintainable either that there was a forfeiture for nonpayment of assessments or a waiver thereof by virtue of subsequent acts of the officers of the local council, and those contentions need not be discussed.

We recommend that the judgment be affirmed.

PER CURIAM. For the reasons stated in the foregoing opinion, the judgment of the district court is affirmed, and this opinion is adopted by and made the opinion of the court.

AFFIRMED.