Emma J. Miller, Appellant, v. Illinois Life Insura ce Company, Appellee.

Gen. No. 8,136.

Opinion filed February 3, 1930.

HARRY E. BROWN and ARTHUR G. HIGGS, for appellant.

HUGH T. MARTIN and CHARLES E. STURTZ, for appellee; STURTZ & EWAN, of counsel.

MR. PRESIDING JUSTICE BOGGS delivered the opinion of the court.

An action in assumpsit was instituted by appellant against appellee in the circuit court of Henry county to recover the amount of insurance applied for in appellee company by one John Henry Miller.

The declaration sets forth that on April 8, 1927, appellee company, through its agent, "did solicit and induce" the said John Henry Miller to make an application in writing for a policy of insurance on his life, in favor of appellant, his wife, in the sum of $10,000; that Miller paid appellee the sum of $212.70 for the first year's premium on the policy applied for, as evidenced by his promissory note; that "said John Henry Miller made all the statements and answers in said application contained and to every part thereof, truthfully, fully and completely, and that the said John Henry Miller did then and there pass a satisfactory medical examination, and was then and there recom-

mended as a desirable risk to the said defendant by the examining physician for the said defendant; that the said John Henry Miller was . . . then and there a young man of, to wit, the age of forty-two years, in good health and of good habits, and by occupation a farmer," not engaged in any hazardous occupation "other than last above mentioned"; that on July 24, 1927, Miller died, "and that, although a reasonable time had elapsed in which the said defendant should have accepted or rejected the said application for insurance, to wit, the period of 108 days, the said defendant did, without any fault or neglect on the part of him, the said John Henry Miller, fail and refuse to accept or reject said application until after the death of the said John Henry Miller, although the said defendant during all of said time retained the payment for the first year's premium for said policy of life insurance"; by means whereof appellee became liable, etc.

To said declaration appellee filed a general demurrer, which was sustained. Appellant electing to abide her declaration, judgment was rendered on the demurrer against appellant, in bar of action and for costs. To reverse said judgment, this appeal is prosecuted.

It is contended by appellant that "an insurance company, acting under a franchise from the State, which has solicited and obtained an application for insurance and received payment of the fees and premiums exacted, is bound to furnish the insurance or decline to do so, within a reasonable time, and if it fails to do so it is liable for the damages resulting therefrom."

The principal case relied on by appellant in support of her contention is *Duffie v. Bankers' Life Ass'n of DesMoines, Iowa,* 139 N. W. 1087, 46 L. R. A., (N. S.) 25. In the *Duffie* case, the beneficiary in the policy

applied for brought an action in tort against the insurance company, to recover damages for failure to either accept or reject the application for insurance within a reasonable time. While the court there held that a recovery might be had for failure to either accept or refuse an application for insurance within a reasonable time, it did not undertake to pass on the right of recovery in an action *ex contractu.*

Our Supreme Court, in *Bradley v. Federal Life Ins. Co.,* 295 Ill. 381, in affirming the Appellate Court of the Fourth District (216 Ill. App. 602), goes into a discussion of the *Duffie* case and, while it sets forth that the facts there were somewhat similar to the facts in the *Bartley* case, refused to sustain an action by the administrator of the estate of the applicant, for failure to accept or reject an application for insurance within a reasonable time.

Plaintiff's declaration avers a failure "to accept or reject said application until after the death of the said John Henry Miller," etc.

An offer to enter into a contract, which is not accepted, creates no rights, but may be revoked or lapsed before acceptance. 13 C. J., p. 272; *Esmay v. Gorton,* 18 Ill. 483–486; *McKinley v. Watkins,* 13 Ill. 140–143; *Cheboygan Paper Co. v. Swigart Paper Co.,* 140 Ill. App. 314–316; *Van Vlissingen v. Manning,* 105 Ill. App. 255–260; *Cornwells & Elliott v. Krengel & Seiferd,* 41 Ill. 394–396; *Bladel v. Carroll,* 336 Ill. 168–171; *Travis v. Nederland Life Ins. Co.,* 104 Fed. 486–488.

Delay in passing upon an application for insurance cannot be construed into an acceptance by the insurer. *Bradley v. Federal Life Ins. Co., supra,* 386; *More v. New York Bowery Fire Ins. Co.,* 130 N. Y. 537–545, 29 N. E. 757; *Winchell v. Iowa State Ins. Co.,* 103 Ia. 189–193, 72 N. W. 503; *Handlier v. Knights of Columbus,* 106 Neb. 267–270, 183 N. W. 300.

In *Bradley v. Federal Life Ins. Co., supra,* the court at page 386 says:

"It is not and cannot be denied that the overwhelming weight of authority is that mere delay in passing upon an application for insurance cannot be construed into an acceptance by the insurer."

In *More v. New York Bowery Fire Ins. Co., supra,* the court in discussing a question of this character, at page 545 says:

"It is contended, however, that a contract can be inferred from Sage's silence and failure to notify the plaintiffs that the application was rejected. This, I think, would be a novel doctrine to introduce into the law of contracts. In discussing it, I assume Sage's powers to have been those of a general agent and co-extensive with that of the defendant.

"The courts have applied the principles of waiver and equitable estoppel in a most liberal manner to insurance contracts, but always to enforce good faith and to prevent injustice and fraud, where the insured has been misled by the acts of the company or its agents. But no case has yet decided that the mere failure to respond to an application raised an inference that the company accepted and insured the risk.

"A party cannot be held to contract where there is no assent."

In *Handlier v. Knights of Columbus, supra,* the court at page 301 says:

"The rule has been followed in this state, with regard to insurance upon property, that, where an insurance company receives the application but delays the acceptance or rejection of it until after the loss occurs, acceptance will not be implied from the fact that such delay ensued; that there must be an actual acceptance or there is no contract. *St. Paul Fire & Marine Ins. Co. v. Kelley,* 2 Neb. (Unof.) 720; *Lowe v. St. Paul Fire & Marine Ins. Co.,* 80 Neb. 499; *Johnston v. Indiana & Ohio Live Stock Ins. Co.,* 94 Neb. 403."

That there was no acceptance of the application is specifically pleaded. There would therefore be no contract on which a right of recovery could be based.

Appellant cannot recover for a further reason. Said declaration avers an offer of contract on the part of the applicant, which was not accepted. Had it been accepted and a policy issued, then appellant, if named therein as beneficiary, on the death of her husband, would have a right of action, based on the contract of insurance set forth in the policy, but, under the averments of the declaration, appellant has no contractual relation with appellee. If there was anything in the application which, by delay in accepting or rejecting it, could be construed into a contract, it was the duty of appellant to bring that matter to the attention of the court by proper pleading.

While the declaration avers payment of the first year's premium by the giving of a promissory note, it is not contended by appellant in her brief and argument that, by reason of the failure to return said note, a right of recovery accrued to her. Even though said note was not returned, no contractual relation would be established by that fact, in favor of appellee. The right to the return of said note was in the personal representatives of the deceased.

Practically the only other ground urged is that, being incorporated under the laws of the State of Illinois, and holding a franchise to do business thereunder, appellee was bound to either accept or reject applications for insurance within a reasonable time.

This point is not well taken, as no contractual relation existed between the applicant and appellee, nor between appellant, the proposed beneficiary, and appellee company. In discussing a question of this character, the Supreme Court of Mississippi, in *Savage v. Prudential Life Ins. Co. of America,* 121 So. 487, at page 489, says:

"The fact that the insurance companies are granted a franchise to do business in this state does not and should not impose upon them the duty to consider promptly all who offer to them the risk of insuring their lives, no more than would be required of a bank to lend money promptly to all who should make application and suffer loss while the bank was negligent in determining whether or not it would accept the offer and enter into a contract."

For the reasons above set forth, the judgment of the trial court will be affirmed.

*Judgment affirmed.*