KEARNEY COUNTY FARMERS MUTUAL INSURANCE COMPANY, APPELLEE, V. H. H. HOWARD, APPELLANT.

FILED JANUARY 11, 1935.   No. 29097.

*J. L. McPheely,* for appellant.

*King & Bracken, contra.*

(179)

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and PAINE, JJ.

GOOD, J.

This is an action by a mutual insurance company against one of its members, to recover the amount of an assessment upon a policy of tornado insurance. Plaintiff had judgment, and defendant has appealed.

The appeal presents two questions for determination: Is the verdict supported by sufficient evidence? and is it contrary to law in that it is contrary to one of the court's instructions?

It appears that plaintiff is a mutual insurance company transacting two kinds of insurance, namely, fire and windstorm or tornado insurance. By its articles of incorporation plaintiff writes insurance only in Kearney county and confines its membership to farmers, and insurance only on farm buildings, farm products and live stock. The officers consist of a president, secretary and treasurer. The company maintains an office at Minden, the county seat, and apparently the secretary, without other assistance, takes care of the office work. The company also has a corps of agents or appraisers, one located in each township or precinct. These appraisers are authorized to receive applications for insurance and membership in the company, to appraise the property upon which the applicant desires insurance, collect the premium or membership fee and transmit it to the secretary, whose duty it is to enter the transaction upon the books or register of the company in his office. Some time later a policy is ordinarily issued by the president and attested by the secretary. Apparently, the president does not reside at the county seat and only presides at meetings of the board and signs policies of insurance or certificates of membership.

May 7, 1930, defendant made application to the local appraiser for membership in the company, desiring $6,200 of tornado insurance on his farm buildings and contents. The property was appraised, the premium or membership fee was paid by defendant to the appraiser, who trans-

mitted by mail to the secretary the application and membership fee. In the regular course of mail the application would not reach the secretary until the afternoon of the following day. The then secretary of the company departed this life before the trial of this cause, and his evidence is not available. The books of the company, however, in the handwriting of the secretary, show the following entry: "Policy No. 1048. Name of insured: H. H. Howard. Post office: Lowell. Commencement of risk: May 7, 1930. Term: 5 years. Expiration of risk: May 7, 1935. Amount insured: $6,200. Membership fee: $31. Description: Section 17-8-13." Then follow the items insured and the amount of insurance on each item. It appears also that about 7:15 or 7:30 p. m. on May 8, 1930, a disastrous tornado passed over a part of Kearney county, and many of plaintiff's members sustained heavy losses by reason of such tornado. It was for these losses that the assessment was made.

Owing to the death of the secretary it was impossible for the plaintiff to show the precise time when defendant's application was received by the secretary and when he made the entries upon the company's book. It is defendant's contention that no policy or certificate of membership was ever delivered to him and no evidence that his application was ever accepted, and that, in any event, it is not shown that the application was received by the secretary and the entries made prior to the tornado which gave rise to the necessity for an assessment.

Defendant cites and relies upon the following cases: *Lowe v. St. Paul Fire & Marine Ins. Co.*, 80 Neb. 499; *St. Paul Fire & Marine Ins. Co. v. Kelley*, 2 Neb. (Unof.) 720; and *Farmers Mutual Ins. Co. v. Kinney*, 64 Neb. 808. In the first two of the cited cases it was held, in effect, that, when a written application is made on a blank form which provides that no liability will attach until the application is accepted and approved at the home office of the company, and the application, together with the premium, is delivered to a soliciting agent of the company,

who has no authority to make a contract on behalf of the company, and a loss occurs before the application has been received at the home office, there is no liability of the company to the applicant. The situation in the cited cases is so different from that in the instant case that the authorities are of no value here. There is no such condition in the application herein. In the application, signed by defendant, there is a recital that the property is located on the northeast quarter of section 17, township 8, range 13, in Kearney county, Nebraska, and a recital that the membership fee is $31.50 and total insurance $6,200, and the application contains the following: "I do hereby declare myself bound under the rules of the Farmers' Mutual Fire and Lightning Insurance Company, of Minden, Kearney county, Nebraska, to share according to the proportion of my insurance in any losses the company may sustain." The last of the cited cases does not sustain defendant's contention.

Defendant denied on the witness-stand that he had ever received a policy of insurance or certificate of membership for windstorm or tornado insurance for which he made application. It is significant that he never made any inquiry of the company why the policy or certificate was not issued to him, and, when two or three weeks later he was notified of the assessment made by the company, he made no protest until this action was instituted. In this action he filed a cross-petition, asking for the return of the membership fee which he had paid, but before the completion of the trial he withdrew his cross-claim.

We are satisfied that, under the facts disclosed, had defendant sustained a loss by tornado he could have recovered against the company on the policy of insurance, whether or not it had been delivered to him. He had paid the fee and made the application; the company had received the application and retained the fee, and had designated the policy number upon its books. If the company would have been liable to defendant in case of a loss, surely there was the mutual obligation of the defend-

ant to share in the loss sustained by the other members. We are satisfied from the record that the risk was assumed by the company, and that it was liable to defendant, and, likewise, the defendant is liable for any assessment properly made. There is no question that the assessment was properly made in this instance, and the evidence is sufficient to warrant the jury in finding that the insurance had been effected and that plaintiff was entitled to recover the assessment made.

The court instructed the jury, in effect, that before plaintiff could recover it must prove by a preponderance of the evidence that it accepted on May 8, 1930, defendant's application for membership and issued on that date a certificate of membership, or policy, in the sum of $6,200, insuring defendant against tornado or windstorm damage. It is apparent that the court erroneously placed a greater burden upon plaintiff than the law required. It was only essential that the proof be such as to satisfy the jury that a contract of insurance had been effected.

To create a contract of insurance it is not essential that a policy be actually issued and delivered to the insured. The giving of the instruction was error harmless to the defendant. Harmless error is no ground for reversal. See section 20-853, Comp. St. 1929, which provides: "The court in every stage of an action, must disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect."

No error prejudicial to defendant appears. Judgment
AFFIRMED.